THOMAS SNELL & others vs. DANIEL A. DWIGHT & others.
JOSIAH DUNHAM vs. HERBERT W. PRESBY & others.

Suffolk.   November 21.— 27, 1876.   AMES & ENDICOTT, JJ., absent.

In a suit in equity, an entry upon the docket, "Bill dismissed," is a final decree.

An amendment of the record, necessary to enable a case to be taken from this court to the Supreme Court of the United States by writ of error, will not be ordered upon a petition filed six months after the final judgment or decree.

PETITIONS that in each of these cases (which are reported 120 Mass. 9, 285) the record might be amended so as to show "the questions decided by this court, under the laws of the United States, adversely to the plaintiff, and on which the decision of this court, dismissing the bill, is grounded"— to the end that the plaintiff might be enabled to take the case by writ of error to the Supreme Court of the United States.

Each case was a suit in equity for an account of an alleged partnership, which was denied in the answer.   The illegality of the transaction alleged in the bill was also, in the first case, set up in the answer; and in the second case, though not set up in the answer, was argued by counsel at the suggestion of the court.

In the first case, the rescript was dated March 1, 1876, and ordered the clerk of this court in Suffolk to make in the docket the following entry: "Bill dismissed."   The "brief statement of the grounds and reasons of the decision," indorsed upon the rescript, was as follows: "This bill seeks directly to enforce an illegal contract, and to secure its fruits to the plaintiffs, and cannot be maintained."   In accordance with the rescript, the clerk, on the same day, entered upon the docket of the court in Suffolk, "Bill dismissed," and no other order or decree was entered in the case.

In the second case, the rescript was dated May 6, 1876, and in like manner ordered the clerk to make in the docket this entry, "Bill dismissed."   The "brief statement of the grounds and reasons of the decision," indorsed upon the rescript, was as follows: "It appears, by the master's report, that, by means of the permit obtained by Johnston, and through the agency of Harney, the cotton was obtained beyond the lines of the military

forces of the United States. Such a transaction was strictly prohibited by the laws and regulations of the United States in force at the time." The clerk accordingly, on the same day, entered upon the docket, " Bill dismissed." And on May 16, 1876, the following decree was entered : " This case came on to be heard at this term, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the complainant's bill be dismissed."

These petitions were presented to the Chief Justice on November 14, 1876, and were reserved for the consideration of, and argued before, the full court.

*A. A. Ranney*, for the plaintiffs.

*E. F. Hodges*, for Dwight and others.

*E. C. Bumpus*, for Presby.

GRAY, C. J. To sustain the jurisdiction of the Supreme Court of the United States to revise, by writ of error, a final judgment or decree of the highest court of a state, such judgment or decree must have necessarily involved a decision against a right claimed under the Constitution, laws or treaties of, or an authority exercised under, the United States, and the point decided must distinctly appear upon the record. U. S. Rev. Sts. § 709. *Maxwell* v. *Newbold*, 18 How. 511. *Boggs* v. *Mining Co.* 3 Wall. 304. *Railroad Co.* v. *Rock*, 4 Wall. 177. The ground of the decision, upon a question raised by the pleadings, may be shown by statements in the judgment or decree itself, or by a certificate entered as part of the record by order of the court. *Armstrong* v. *Athens County*, 16 Pet. 281, 285. *Parmelee* v. *Lawrence*, 11 Wall. 36. *Caperton* v. *Bowyer*, 14 Wall. 216. *Brown* v. *Atwell*, 92 U. S. 327. But an opinion of the court, stating the grounds and reasons of its decision, is no part of the record, if not incorporated in the judgment or decree, though required by the laws of the State to be filed for the information of the parties. *Williams* v. *Norris*, 12 Wheat. 117. *Cousin* v. *Blanc*, 19 How. 202. *Rector* v. *Ashley*, 6 Wall. 142.

These petitions come too late. By our practice, an entry upon the docket, in a suit in equity, of " Bill dismissed," is of itself a final decree; and a more formal order, though convenient and proper for the regular completion of the record, is not essential, and, if afterwards drawn up, is a mere extension of

the final decree already entered, and has relation to the time of the entry of that decree. *Foote* v. *Gibbs*, 1 Gray, 412. *Winslow* v. *Otis*, 5 Gray, 360, 364. *Clapp* v. *Thaxter*, 7 Gray, 384. Eight months therefore elapsed in one of these cases, and six months in the other, after the final decree, before any motion was made to amend the record.

The decisions of the Supreme Court leave us in doubt whether if, after such a lapse of time, we should grant these petitions, and thereby make a case appear to be within its appellate jurisdiction, which did not so appear at the time of the final decree of this court, the addition so made would be treated by the Supreme Court as any part of the record. *Williams* v. *Norris*, 12 Wheat. 117. *Generes* v. *Bonnemer*, 7 Wall. 564. *Flanders* v. *Tweed*, 9 Wall. 425. *Edwards* v. *Elliott*, 21 Wall. 532.

However that may be, we are clearly of opinion, that when a party does not intend to be satisfied with the judgment of this court, if against him, but proposes to take the question to another tribunal, fair dealing and justice to the other party require that such intention should be made known to him and to the court before the final judgment; in order that appropriate entries may be made upon the record while the case is freshly in the minds of the counsel and of the judges; and that, when other grounds are taken by the prevailing party, upon which the judgment of this court would not be subject to revision under the Constitution and laws of the United States, there may be the opportunity of considering, before it is too late, whether the judgment should not be placed upon grounds which would conclusively determine the controversy between the parties. *Coolidge* v. *Inglee*, 13 Mass. 26, 51.

In the present cases, in each of which the allegations of the plaintiffs were positively denied by the defendants, and the court, without determining the issue of fact, (upon which its judgment could not have been revised,) dismissed the bill because it appeared to be founded upon a transaction unfit to be brought before a judicial tribunal, it would be equally inconsistent with justice to the defendants, and with due respect to the Supreme Court of the United States, to assist the plaintiffs, upon application now for the first time made, to protract the litigation.

*Petitions denied.*