EDWARD B. MERRILL & another, executors, *vs.* LEONARD F. BECKWITH.

Suffolk.     December 4, 1896. — February 27, 1897.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Equity Practice — Entry on Docket of Court — Decree — Amendment of Suit into Action at Law — Discretion of Court.*

An entry on the docket of this court, sitting for the county, in accordance with the direction in a rescript of the full court, of " Bill dismissed, with costs," is not a final decree, and, no formal decree having been extended or entered, it is within the discretion of the court to allow a motion to amend the suit, which is a bill in equity for the specific performance of a contract, into an action at law for damages for breach of the contract.

BILL IN EQUITY, for specific performance of a contract for the purchase of land. The plaintiffs moved to amend the suit into

an action at law.   Hearing before *Knowlton*, J., who granted the motion; and the defendant appealed to the full court.   The facts appear in the opinion.

J. L. *Thorndike*, (*R. E. Forbes* with him,) for the defendant.

*E. D. Stetson*, for the plaintiffs.

FIELD, C. J.   This suit was originally a bill in equity for the specific performance of a contract on the part of the defendant to purchase land.   The bill was inserted in a writ of summons and attachment on which an attachment of real property was made, but there was no service of a summons upon the defendant personally within the Commonwealth, and the defendant was described in the writ as of " the city, county, and State of New York."   The defendant moved to dismiss the suit for want of sufficient service, and on October 23, 1894, a single justice of this court granted the motion, the entry on the docket being " Bill dismissed."   On October 30, 1894, the plaintiffs appealed from this order to the full court, which, on May 24, 1895, sent down a rescript as follows : " Ordered, that the clerk of said court in said county make the following entry under said case in the docket of said court, viz. Bill dismissed, with costs " ; and this entry was made on the docket of the court sitting for the county.   See *Merrill* v. *Beckwith*, 163 Mass. 503.   On May 31, 1895, the plaintiffs filed in the court sitting for the county the following motion : " And now come the plaintiffs, after rescript from the full bench, and before final judgment or decree therein, and move that the above entitled proceeding in equity be changed to an action at law."   This motion was granted, upon terms, on June 18, 1895, and the defendant appealed to this court. The justice who granted the motion reports the following facts, among others, viz.: " The plaintiffs desired to convert the suit into an action for damages for breach of the contract, and thereby to preserve the attachment as security for the judgment they might recover, alleging that subsequent attachments had been made by other persons.   The defendant moved that execution issue for costs.   Both motions were heard before me, and I gave the plaintiffs leave to amend as prayed, on payment of costs. The defendant having appealed from this order, I make this report of the facts."   The order of the single justice is as follows : " I am of opinion that the rescript and the execution by the

clerk of the order contained in the rescript do not constitute a final decree within the meaning of our law and practice. I therefore think the plaintiffs should be permitted to amend the suit into an action at law, upon payment of the costs of the defendant to the present time. It is so ordered."

Amendments may be allowed at any time before final judgment changing an action at law into a suit in equity, or a suit in equity into an action at law. Pub. Sts. c. 167, §§ 42, 43. St. 1883, c. 223, § 17. If this had been an action at law originally, an order permitting it to be amended into a suit in equity under the circumstances stated would have been within the discretion of the presiding justice. *Terry* v. *Brightman*, 133 Mass. 536. *Gray* v. *Cook*, 135 Mass. 189. *Gale* v. *Nickerson*, 144 Mass. 415.

We infer that a decree dismissing the bill, or dismissing the bill with costs, never was formally drawn up and signed either by a justice of the court or by the clerk, and that such a decree was never extended in any form, but that the only entries of a decree were the docket entries. If these entries can be considered as only orders for a decree, which never has been drawn up or extended in due form, then the motion to amend was seasonably filed. See *Thompson* v. *Goulding*, 5 Allen, 81.

The defendant relies upon *Snell* v. *Dwight* and *Dunham* v. *Presby*, 121 Mass. 348. In one of these cases a rescript was sent down on March 1, 1876, " Bill dismissed," and no other decree was entered ; in the other case a similar rescript was sent down on May 6, 1876, and on May 16, 1876, a decree dismissing the bill was extended in due form. The petitions to amend the record in each case were presented on November 14, 1876. The court say : " These petitions come too late. By our practice, an entry upon the docket, in a suit in equity, of ' Bill dismissed,' is of itself a final decree; and a more formal order, though convenient and proper for the regular completion of the record, is not essential, and, if afterwards drawn up, is a mere extension of the final decree already entered, and has relation to the time of the entry of that decree. *Foote* v. *Gibbs*, 1 Gray, 412. *Winslow* v. *Otis*, 5 Gray, 360, 364. *Clapp* v. *Thaxter*, 7 Gray, 384. Eight months therefore elapsed in one of these cases, and six months in the other, after the final decree, before any motion was made to amend the record." But from the opinion we infer

that the full court thought that it was within its power to grant the petitions, if in its opinion justice required it to be done.

In general, the rescript of the full court directing a decree to be entered is an order for a decree, but not the decree itself. *Sewall* v. *Sewall*, 130 Mass. 201. There seems to be no reason why a rescript ordering a bill to be dismissed, with or without costs, should be treated differently from any other rescript ordering a different decree to be entered, except that there is a common form for a decree dismissing a bill unless the court orders, that the decree shall contain recitals showing the grounds on which the court proceeds in dismissing the bill.

A petition for a rehearing of a suit in equity after a decision by the full court is addressed exclusively to the discretion of the full court. *Winchester* v. *Winchester*, 121 Mass. 127. *Lincoln* v. *Eaton*, 132 Mass. 63. A petition for a rehearing of a suit in equity decided by the court held by a single justice, in which no appeal has been taken, in general must be presented before the decree has been formally drawn up and enrolled. *Thompson* v. *Goulding, ubi supra. Clapp* v. *Thaxter*, 7 Gray, 384.

In *Watuppa Reservoir Co.* v. *Fall River*, 147 Mass. 548; *S. C.* 154 Mass. 305, the bill was ordered to be dismissed in the Superior Court by a rescript of the full court, but afterwards a petition for a rehearing was granted in the Superior Court, the agreed facts were amended, the case again heard and an appeal again taken to the full court, and upon the new case the decision was for the plaintiff, but it does not appear that the right of the Superior Court to grant the rehearing was considered by this court.

In the present case it does not appear that any formal decree dismissing the bill ever has been entered. If it had been entered by a single justice, the rescript of the full court altered the · decree by ordering the bill to be dismissed with costs, and a decree never has been formally entered in accordance with the rescript of the full court. The rescript of " Bill dismissed " is undoubtedly a sufficient direction to the clerk to enter a formal decree to that effect, in common form, if the parties apply for it, and in making up the records the clerk would be authorized to extend the decree in the usual form, if the court where the cause is gave no direction to the contrary. We think however, that, notwithstanding what has been said in *Snell* v. *Dwight*, 121 Mass.

348, the single justice was right in holding that the rescript in this case was a direction for a decree, and that the entry on the docket was not a formal decree, and therefore that, the decree not having been extended in any form, it was within his discretion to allow the motion. We have no doubt that it was competent for the single justice to find that the amendment was asked for to enable the plaintiffs " to sustain the action for the cause for which it was intended to be brought." Pub. Sts. c. 167, § 42. The plaintiffs sued for a remedy for the alleged breach of a contract by the defendant; for specific performance if they could get it; otherwise, for damages. The order of the single justice should be affirmed.                    *So ordered.*