ROSCOE M. PLAISTED *vs.* EDWARD O. COOKE & another.

Suffolk. March 14, 1902. — March 17, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Equity Pleading and Practice,* Final decree.

On June 1, 1900, the Superior Court made an order, that a certain bill in equity be dismissed for want of prosecution unless the master's report should be filed on or before January 1, 1901. On February 28, 1901, a motion was made to extend the time for filing the master's report. This was denied, and the plaintiff appealed. He also filed a motion or petition asking that the order of June 1 be vacated or modified. This was denied " without prejudice," and the plaintiff appealed. The Superior Court was asked to report the facts, but did not do so, apparently assuming that the bill_was dismissed. On an application, treated as a petition for leave to file a bill of review, it was *held,* that there was no final judgment in the Superior Court, and consequently that a writ of review would not lie, and also that the appeals on the interlocutory orders, if before this court, must be dismissed as prematurely entered. *Semble,* that, so far as appeared, the case ought to be on the docket of the Superior Court.

HOLMES, C. J. The record discloses proceedings in two cases, a so called bill of review, and also the pleadings and certain orders or decrees, with appeals from the same, in another case, — we presume that with regard to which the review was sought. The defendants did not see fit to submit an argument, but treated the whole proceeding as frivolous. The plaintiff took the position that both cases were before us. In the original cause an order was made on June 1, 1900, that the bill be dismissed for want of prosecution unless the master's report should be filed on or before January 1, 1901. On February 28, 1901, no further decree having been made, so far as appears by the record before us, a motion was made to extend the time allowed by the order of June, 1900. This was denied and the plaintiff appealed. Another motion or petition was filed, it would seem at a later day, that the June decree be vacated or modified, and this also was denied " without prejudice." An appeal was taken and the court was asked to report the facts. This was not done, — we presume because the Superior Court assumed that the bill was dismissed and that the case was out of court so that it was

beyond its power to deal with the matter, although we notice that the petition was denied, not dismissed.

If, as we understand, there has been no decree dismissing the bill subsequent to the anticipatory decree *nisi*, we are of opinion that the bill is still in court, and that a further decree was necessary to end the case. The meaning of the decree of June 1, 1900, as was said by the Lord Chancellor with regard to a foreclosure decree, was merely that the court *would* dismiss the bill in a certain event at a certain time. *Ford* v. *Wastell,* 2 Phillips, 591, 593. The English practice in similar cases requires a further decree, and it seems to us that that course is desirable in order to avoid the risk of injustice. *Stevens* v. *Praed,* 2 Cox, 374. 2 Dan. Ch. Pr. (5th ed.) 997–999. See *Chicago & Vincennes Railroad* v. *Fosdick,* 106 U. S. 47, 69. Even the entry of " Bill dismissed " on the docket has been held by this court to be merely an order for a final decree. *Merrill* v. *Beckwith,* 168 Mass. 72.

As there is no final decree in the original cause it follows that the so called bill of review was brought prematurely and must be dismissed for that reason without going further. It follows also that the appeals on the interlocutory orders, if they are before us, must be dismissed as prematurely entered in this court. We may remark with regard to them, that in the present state of the record it would be impossible for us to say that the refusal to extend the time may not have been justified by what appeared at the hearings on the plaintiff's motions, although the affidavits printed disclose a plausible case. *Bent* v. *Erie Telegraph & Telephone Co.* 144 Mass. 165, 166. *Giles* v. *Royal Ins. Co.* 179 Mass. 261. If the failure of the judge of the Superior Court to report the facts was due only to the impression that the case was out of court, no doubt a report will be made which will enable us to pass upon the matter at the proper time.

The decree on the so called bill of review purports to deal with it not merely as a bill of review but also, by consent, as a petition for leave to file a bill of review. In these aspects we have disposed of it. The decree also purports to dispose of it as a motion to restore the case to the docket. We hardly see how we can give the document that effect. Probably it will be

sufficient that we intimate our opinion that, if the whole record is before us, the case now is or ought to be on the docket of the Superior Court.

*Bill of review dismissed; appeals dismissed.*

*W. P. Hale*, for the plaintiff.

*H. H. Pratt*, for the defendants, filed a motion for double costs but did not appear at the argument.