ANDREW F. ROACH vs. BRIDGET ROACH.

Middlesex.   November 23, 1905. — January 5, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Marriage and Divorce.   Practice, Civil,* Judgment or decree.

The libellant in a suit for divorce at any time before the case is tried has the right
to have his libel dismissed without a decision upon the merits, and if before trial
he files a statement that if the case cannot be continued he "consents that his
libel be dismissed, without prejudice, for want of prosecution," the judge has no
authority to order the libel dismissed without qualification.

LIBEL FOR DIVORCE, filed March 13, 1903.

The ground for divorce alleged in the libel and in the specifi-
cations filed in the case was adultery.   The answer of the libellee
denied all of the allegations of the libellant, charged him with
desertion, and alleged condonation.

In the Superior Court the case came on to be heard before
*Bond*, J. on May 31, 1905.   The counsel for the libellant read
to the judge and filed in the case the following statement of the
libellant:

" The libellant being unable to secure the attendance of indis-
pensable witnesses at this present sitting of this court, (if the
case cannot be continued,) consents that his libel be dismissed,
without prejudice, for want of prosecution."

The judge inquired of the counsel for the libellant whether he
had prepared or was ready to prepare an affidavit stating the
facts the absent witnesses would testify to if present as the basis
of the request for a continuance of the case.   To this inquiry
the counsel replied that he had not made or filed an affidavit,
and that he could not himself make it, as he did not know what
the witnesses would testify to, and did not know where they
were, and that his client was away.   Thereupon the judge or-
dered that the libel be dismissed generally, and declined to order
the libel dismissed without prejudice.   The libellant appealed
from this order, and alleged exceptions.

*C. Cowley*, for the libellant.

*J. J. Pickman*, for the libellee, submitted a brief.

HAMMOND, J. The trial of the case not having been begun, and no decree or order affecting the rights of the parties having been entered, it was the right of the libellant to have his libel dismissed without a decision upon the merits. See *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District*, 171 Mass. 450; *Carpenter & Sons Co.* v. *New York, New Haven, & Hartford Railroad*, 184 Mass. 98. This in substance he asked to have done. The entry actually made by the judge was "Libel dismissed." The force and effect of this entry is stated by Knowlton, J. in *Bradley* v. *Bradley*, 160 Mass. 258, in the following language: "The entry 'Libel dismissed,' without the addition of the words 'without prejudice,' purports to be a final judgment upon the merits. It is a bar to any further proceedings upon the cause of action set out in the libel. In collateral proceedings it is not conclusive by way of estoppel, or as evidence, except upon matters actually tried and determined; but as a final disposition of that for which the suit was brought, it is, like a judgment by default, conclusive as well in regard to the matters which might have been pleaded as those which were formally put in issue," citing *Foote* v. *Gibbs*, 1 Gray, 412; *Borrowscale* v. *Tuttle*, 5 Allen, 377, 378; *Durant* v. *Essex Co.* 8 Allen, 103, 108; *Thurston* v. *Thurston*, 99 Mass. 39; *Foye* v. *Patch*, 132 Mass. 105, 111.

It is argued by the libellee that the paper filed by the libellant shows that the entry in this case was in accordance with the consent of the libellant as indicated in the paper, but we do not think that this clearly appears in the record. The fair interpretation of the record is that the judge did not intend to make the entry to which the libellant assented, but to make an entry of a different nature and to dismiss the petition generally. This the judge could not properly do against the objection of the libellant. The entry should have been "Libel dismissed without prejudice, for want of prosecution."

*Exceptions sustained.*