AUGUSTA WARNER *vs.* CITY OF PITTSFIELD.

Berkshire.    September 10, 1918. — October 9, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Damages*, For property taken or impaired by statutory authority. *Way*, Public. *Practice, Civil*, Amendment of docket entry, Agreed statement of facts. *Res Judicata. Abatement. Judgment. Words*, "Notice."

A judge of the Superior Court has power to make an order *nunc pro tunc* to amend past docket entries to accord with the facts.

A statement in an agreed statement of facts presented to this court in a report of a petition for the assessment of damages caused by the repair of a public way by a city, that in a previous proceeding for the assessment of the same damages "a certain notice" which it was necessary that the petitioner should give to the mayor and aldermen "was insufficient," was construed to refer to the omission to file with the mayor and aldermen a "petition for compensation," which by R. L. c. 51, §§ 15, 16, is a necessary preliminary to a petition for the assessment of the damages by a jury.

A plea in abatement to a petition for an assessment of damages caused by the repair of a public way based on the pendency of an earlier petition for the same damages must be overruled, where it appears that in the previous proceedings a verdict was returned for the respondent with leave to the petitioner to present exceptions to this court, that no exceptions ever were filed and that judgment was entered for the respondent, so that the earlier petition was not pending when the second one was brought.

An order of the Superior Court dismissing a petition under R. L. c. 51, §§ 15, 16, for the assessment of damages caused to the petitioner's land by repairs upon a public way on which the land abuts, made on the ground that no petition for compensation had been filed with the mayor and aldermen "after the commencement and within one year after the completion of the work" which caused

the alleged damage, as required by the statute, is not a bar to a new petition for damages to the petitioner's land caused by the same repairs which is filed after a compliance with the requirements of the statute.

PETITION, filed in the Superior Court on August 7, 1917, under R. L. c. 51, §§ 15, 16, by the owner of a parcel of real estate on King Street in Pittsfield for the assessment by a jury of his damages caused by acts done by the respondent for the purpose of repairing King Street.

The respondent filed a plea in abatement as follows:

"And the respondent comes and says that there is now pending a prior suit, petition or proceeding between the same parties for the same cause of action set forth herein, said prior pending action being No. 3804 in this court, or if same has gone to judgment that said judgment was rendered for the respondent upon the same cause of action set forth herein, and that said prior action and the proceedings therein constitute a bar to this action."

By agreement of the parties the case was heard without a jury by *Lawton,* J., upon an agreed statement of facts, of which the substance is stated in the opinion, and a stipulation of the parties that, if the plea in abatement should be sustained, judgment should be entered for the respondent, and that, if it should be overruled, judgment should be entered for the petitioner in the sum of $300. The judge overruled the plea in abatement and in accordance with the stipulation found for the petitioner in the sum of $300 and ordered judgment for that amount. Thereupon by agreement of the parties he reported the case for determination by this court.

The case was submitted on briefs.

*J. Barker,* for the respondent.

*F. M. Myers & T. F. Cassidy,* for the petitioner.

RUGG, C. J.    This is an application under R. L. c. 51, § 16, by the owner of land abutting on a public way for the assessment of damages caused by the making of repairs thereon.

The material facts are that an earlier petition for the assessment of damages arising from this same cause was filed in the Superior Court and came on for trial in April, 1917. The judge then ruled that in such a proceeding "a certain notice" must be given to the mayor and aldermen and that the "actual notice which was given in this case was not a proper notice, and therefore this suit

is not properly brought." It was agreed that the "notice . . . was insufficient."

When an owner of land sustains damage by any act done by way of repair upon a way, the first step which he must take in order to have his damages assessed is to file a "petition for compensation with the mayor and aldermen or selectmen or road commissioners, after the commencement and within one year after the completion of the work." R. L. c. 51, § 15. Manifestly it is not accurate to speak of such a "petition for compensation" as a "notice." It is in the nature of a proceeding and requires the board to which it is presented to undertake in the exercise of a *quasi*-judicial function to determine the amount of the damages. No notice is required by the landowner who suffers damages by repairs upon a way. The filing of the "petition for compensation" is the first act to be done by him. Therefore, although the statement in the record is not clear, it seems fairly inferable that the ruling of the judge on the first petition, founded as it appears to have been upon the agreement of the parties as to want of "notice," in substance and effect was the equivalent of a ruling that, no "petition for compensation" having been filed with the mayor and aldermen "after the commencement and within one year after the completion of the work" which caused the damage complained of, as required by the statute, no application for a jury at the bar of the Superior Court for the assessment of damages could be maintained under R. L. c. 51, § 16. So construed the ruling was right and the agreement of parties intelligible; otherwise they have no meaning.

The petitioner on August 7, 1917, filed a new application for the assessment of her damages arising from the same repair of way described in the earlier petition. The respondent seasonably filed a plea in abatement setting out the pendency of the earlier application for the assessment of damages arising from the same cause, and also pleaded in bar the judgment in that proceeding, if it had gone to judgment. It is stated in the record that "After the trial on the first petition and before bringing the second petition, the plaintiff seasonably served sufficient notice on the proper officers of the city." For the reasons already stated we construe this to mean that the petitioner seasonably filed a "petition for compensation with the mayor and aldermen."

The plea in abatement was overruled rightly. Although the judge ruled that the earlier proceeding could not be maintained, the damages were assessed by the jury and then the entry was made on the docket of the following tenor: "Verdict for pltff. for $300 returned. After return of this verdict and before the recording thereof the trial judge directed that the jury return a verdict for the defendant and reserved leave with the assent of the jury to enter a verdict for the plaintiff in accordance with their finding if upon the exceptions taken on the question of law reserved the Supreme Judicial Court should decide that such verdict for the plaintiff should have been entered. Verdict for the defendant by direction of the court was then ordered and recorded." Apparently no exceptions were filed. This docket entry remained until October 10, 1917, when another judge of the Superior Court directed that entry of judgment for the respondent be made as of June 4, 1917. It does not appear that exceptions were filed within the time limited, or that the time for filing exceptions had been extended. Therefore the case was ripe for judgment and should have gone to judgment on the first Monday of the month immediately succeeding the day on which the time for filing exceptions expired. Rule 57 of the Superior Court (1915). Although doubtless the case then went to judgment automatically under R. L. c. 177, § 1, as amended by St. 1912, c. 190, *Boston Bar Association* v. *Casey,* 227 Mass. 46, 51, the court had power to order the docket entries to correspond with the facts by a *nunc pro tunc* entry. *Perkins* v. *Perkins,* 225 Mass. 392. Therefore the earlier proceeding was not pending when the second was brought and its pendency could not be pleaded in abatement thereto. The principles set forth in *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299 and similar cases have no application to these facts.

The judgment in the earlier proceeding did not constitute a bar to the bringing of the present proceeding. That judgment was not rendered upon the merits, but upon a preliminary matter. The filing of a "petition for compensation with the mayor and aldermen" and a grievance respecting the same either by an inadequate estimate of damages or a neglect and refusal for thirty days to make any estimate, were conditions precedent to the existence of a right in the petitioner to file an application under

R. L. c. 51, § 16, for a jury to assess damages in the Superior Court. The Superior Court, therefore, was without authority to consider the first case, unless the point was waived. But the record shows that it was insisted on and became the ground of the judgment. The present cause of action had not sprung into existence at the time the earlier application for a jury was filed. Although the two relate in general to the same transaction, the present proceeding is founded upon considerations different from those which formed the basis of the judgment in the other case. The earlier judgment not having been grounded upon a determination of the merits of the controversy, but upon the circumstance that it was prematurely brought, is no bar to the present proceeding. *Foster* v. *The Richard Busteed*, 100 Mass. 409. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 46. *Cinamon* v. *St. Louis Rubber Co.* 229 Mass. 33, 37.

Cases like *Spear* v. *Coggan*, 223 Mass. 156, to the effect that a defendant ought not to be twice vexed for the same cause of action, have no relevancy to the facts here disclosed.

In accordance with the terms of the report, let the entry be

*Judgment for the petitioner in the sum of $300.*