JOHN B. DONOVAN & others *vs.* OSCAR L. DANIELSON
& others.

Suffolk.    January 16, 1928. — May 24, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT,
& SANDERSON, JJ.

*Equity Pleading and Practice,* Dismissal under rule for want of prosecution,
Decree.    *Equity Jurisdiction,* To revive suit dismissed under rule for
want of prosecution.    *Rules of Court.*

On January 13, 1926, the Superior Court entered in the county of Suffolk
a general order to the effect that, after notice to counsel of record, every
case pending on the equity docket which had remained without action
for two years preceding the first day of January, 1926, would "be dis-
missed on the seventh day of June, 1926, unless a motion that such case
be allowed to remain on the docket, setting out fully cause therefor with
affidavit in support thereof, shall be filed on or before the first day of
said June," and proper notice be given to opposing counsel, and proof
thereof by affidavit be filed with the court; and, "If no such motion and
affidavit with proof of notice thereof are filed, as herein provided, the
case without further notice or hearing shall on said seventh day of June
be dismissed and entry thereof made by the clerk on the docket under
each case."    In a suit in equity within the description in the order, no
such notice and affidavit were filed before June 1, and the docket of the
case showed no entry whatever until June 22, 1926, when the plaintiff
filed a motion, with supporting affidavit, that the suit be allowed to
remain on the docket.    The motion on that day was allowed *ex parte*
as of June 1.    The defendant then filed a motion to strike from the
docket the allowance of such motion on the ground that the court had
no jurisdiction to enter it.    The defendant's motion was denied, and
the action of the court in denying it was reported to this court for de-
termination.    *Held,* that

   (1) In dealing with the record this court assumed that the docket
entry "Bill dismissed" would have been made by the clerk of courts as
soon as physically possible after June 7 and considered the case on the
footing of its having been made on that date;

   (2) The single question presented was, whether the Superior Court
had jurisdiction to enter the order of June 22, 1926;

   (3) There having been no final decree on the merits, and the plain-
tiff's motion having been filed reasonably soon after the effective date
of the general order, the Superior Court had jurisdiction to enter the
order that the suit remain on the docket;

(4) In the circumstances, this court could not say that the allowance of the plaintiff's motion, based as it was on general equitable considerations, was not warranted.

Statement by RUGG, C.J., of the effect of an entry, "Bill dismissed," upon the docket of a suit in equity.

BILL IN EQUITY, filed in the Superior Court on June 30, 1920, by five men, "as they are the Grand Executive Council of and in the name of and as the Grand Court of Massachusetts, Foresters of America," against six men, each described as a defendant "individually and as he is or was," respectively, treasurer, trustee, financial secretary, recording secretary, chief ranger, or subchief ranger, of Court Gustaf Wasa, Foresters of America, "and each and every the other members of said Court Gustaf Wasa who are too numerous to be herein named individually and whose names are to the plaintiffs unknown and who are fairly represented by the above named defendants."

The suit previously was before this court upon appeals from the overruling of demurrers to the bill and from a final decree after a hearing on the merits, and a rescript was issued, as reported in 244 Mass. 432, directing that a decree "be entered dismissing the bill, but without prejudice to an application to the Superior Court to amend the bill by a joinder of all individuals who compose the association described in the bill as the Grand Court."

Proceedings thereafter are described in the opinion. The order of July 8, 1926, was made by *Qua,* J., who thereupon reported the case to this court for determination.

The case was argued at the bar in January, 1928, before *Rugg,* C.J., *Braley, Pierce, Carroll,* & *Sanderson,* JJ., and afterwards was submitted on briefs to all the Justices.

*F. W. Campbell,* for the defendants.

*J. M. Maloney,* (*E. Carr* with him,) for the plaintiffs.

RUGG, C.J. This suit in equity as originally brought presented questions of difficulty. Proceedings in it are reported in 244 Mass. 432. Thereafter, on May 25, 1923, the plaintiffs were allowed to amend upon payment to the defendants of $262. On January 13, 1926, a general order was entered to the effect that on or before May 1, 1926, the clerk

of the court send to counsel of record in every case pending on the equity docket which has remained without action for two years preceding the first day of January, 1926, "notice that such case will be dismissed on the seventh day of June, 1926, unless a motion that such case be allowed to remain on the docket, setting out fully cause therefor with affidavit in support thereof, shall be filed on or before the first day of said June. The party filing such motion and affidavit shall on the same day give notice thereof to the adverse party as provided in Common Law Rule 27. Proof of such notice, if not accepted, shall be shown by affidavit to be filed with said motion. If no such motion and affidavit with proof of notice thereof are filed, as herein provided, the case without further notice or hearing shall on said seventh day of June be dismissed and entry thereof made by the clerk on the docket under each case." The docket shows no entry concerning this case after May 25, 1923, until June 22, 1926. On this later date the plaintiffs filed a motion praying that the case be allowed to remain on the docket, setting out cause alleged therefor with supporting affidavit. On the same date this motion was allowed by a judge of the Superior Court *ex parte* as of June 1, 1926. The defendants duly appealed and filed exceptions. On July 1, 1926, the defendants filed a motion with supporting affidavit praying that the entry of the allowance of the plaintiff's motion of June 22, 1926, be stricken from the docket because the court was without jurisdiction to make such order. This motion was heard on July 8, 1926, before a different judge and denied. This denial involved a ruling that the court had jurisdiction to make the order. The defendants appealed and excepted. Thereupon the correctness of this ruling was reported and the appeals and exceptions were waived. In favor of regularity of procedure, it is assumed that the docket entry "Bill dismissed" would have been made by the clerk as soon as physically possible after the seventh of June and the case is considered on the footing of its having been made on that date; otherwise no question of law would be presented. *Loonie* v. *Wilson*, 233 Mass. 420, 424. The single question

thus presented for determination is whether the court had jurisdiction to enter the order of June 22, 1926.

The validity of the general order of the Superior Court providing for the dismissal of equity cases which have remained without action an unreasonable time is not questioned. *Beal* v. *Lynch*, 242 Mass. 65. See *Cheney* v. *Boston & Maine Railroad*, 246 Mass. 502.

The effect of the dismissal of an equity cause pursuant to such general order, followed by a docket entry "Bill dismissed" without the subsequent entry of any formal decree, hitherto has not been presented for determination. In actions at law the rule has been long established and is rigid that a dismissal under such general order, without more, ends the case. *Karrick* v. *Wetmore*, 210 Mass. 578, and cases there collected. *Shour* v. *Henin*, 240 Mass. 240, 242. *Magee* v. *Flynn*, 245 Mass. 128, 130. *Cheney* v. *Boston & Maine Railroad*, *supra*, page 506. *Fairbanks* v. *Beard*, 247 Mass. 8, 9. There doubtless have been many hundreds of equity cases dismissed, as was the case at bar, without entry of any formal decree. The purpose of such general order and the dismissal of cases pursuant to it on calling of the list are to rid the records of the court of cases which have lost their vitality because of the failure of parties to prosecute their rights under the bill. In very many such cases the irresistible inference is that nobody has sufficient interest in the case even to prepare a final decree. It is provided by Equity Rule 31 (1926) that the "solicitor of the party in whose favor a decree or order is passed shall draw the same." In a case of this nature decree in the true sense of expressing affirmative decision of the court in favor of one party or the other is not passed. The situation arises because by inaction of the parties the court is not required to make a decision of the case on its merits. There is, therefore, no solicitor of the party in whose favor a decree or order is passed on whom falls the burden of preparing and submitting the formal expression of the decision of the court. That burden ought not to fall upon the Commonwealth by requiring the clerks in its employ to prepare and submit to the court for approval decrees or orders of this nature. It follows that

the force and effect of the docket entry of "Bill dismissed" in such cases are that the bill is dismissed for want of prosecution and without costs to either party, that no formal decree to this effect need be prepared and filed among the records of the court in the case, and that the mere entry on the docket of "Bill dismissed" in such circumstances is a final disposition of the case and means the same as if a formal decree to that end had been prepared and entered.

This conclusion is in harmony with what was said by Chief Justice Gray in *Snell* v. *Dwight*, 121 Mass. 348, at page 349, "By our practice, an entry upon the docket, in a suit in equity, of 'Bill dismissed,' is of itself a final decree; and a more formal order, though convenient and proper for the regular completion of the record, is not essential, and, if afterwards drawn up, is a mere extension of the final decree already entered, and has relation to the time of the entry of that decree . . . . Eight months therefore elapsed in one of these cases, and six months in the other, after the final decree, before any motion was made to amend the record." That decision, although considerably modified by *Merrill* v. *Beckwith*, 168 Mass. 72, was not expressly overruled. There is nothing inconsistent with the conclusion which we reach in the case at bar in what was said by Chief Justice Field in the opinion in the latter case at pages 75–76, "We think however, that, notwithstanding what has been said in *Snell* v. *Dwight*, 121 Mass. 348, . . . the entry on the docket [Bill dismissed] was not a formal decree." *Merrill* v. *Beckwith* has been followed and recognized in *Plaisted* v. *Cooke*, 181 Mass. 118, *Crossman* v. *Griggs*, 188 Mass. 156, 160, *Day* v. *Mills*, 213 Mass. 585, 587, and *Churchill* v. *Churchill*, 239 Mass. 443, 445. All of these decisions, however, related to the decision of equity cases after hearing and upon their merits, and whatever was said in any of them on that subject of course is confined to the point then before the court. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 545. *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 343.

The rule is plain that after the entry of a final decree in equity the court has no further jurisdiction of the case and cannot change, modify or revoke such decree. *White* v.

*Gove*, 183 Mass. 333, 340. *Morgan* v. *Steele*, 242 Mass. 217, 218. That rule is established because a final decree is entered disposing of the case on its merits after some consideration by the court. It would be contrary to settled principles of chancery jurisprudence for the court entering such decree to change or modify it in the absence of accident, mistake or clerical error. In the case at bar, however, the dismissal of the case is not the result of judicial determination on the merits but because the case has become virtually dead through inattention of the parties. In such circumstances within a reasonable time the court may, on good cause shown, revivify the case without impairing at all the general principle established by *White* v. *Gove, supra,* and the many cases following it. That is recognized by the course of reasoning in *Snell* v. *Dwight* where on consideration it was held that the application for modification of the decree came too late, the implication being that if it had been made seasonably the court had jurisdiction to act upon it.

In the case at bar there was no delay. The application was made within fifteen days after the order of dismissal. We think that in these circumstances the court had jurisdiction to deal with the case. We cannot say as matter of law that the order of the court was not warranted. It must have been based upon general equitable considerations, and *Mackay* v. *Brock*, 245 Mass. 131, is not applicable. There has been compliance with the order of May 25, 1923, for payment of costs.

> *Denial of defendants' motion, to strike from docket entry made June 22,1926, of allowance of plaintiffs' motion, affirmed.*