EUGENE S. FARNUM *vs.* FRANCIS P. BRADY.

SAME *vs.* SAME.

Worcester. September 23, 1929. — October 8, 1929.

Present: CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Dismissal for want of prosecution, Rule 62 of the Superior Court (1923). *Rules of Court. Judgment. Res Judicata.*

While a judgment for the defendant in an action of contract, entered after dismissal of the action in accordance with the provisions of Common Law Rule 62 of the Superior Court (1923), constitutes a final judgment in that action, it is not *res judicata* barring an action subsequently brought within the period of the statute of limitations by the same plaintiff against the same defendant for the same cause of action.

TWO ACTIONS OF CONTRACT. Writs dated May 4, 1925.

The actions were heard together in the Superior Court by *Brown,* J., without a jury, upon an agreed statement of facts. The judge reported them to this court under G. L. c. 231, § 111, without decision, but subject to an agreement of the parties "that if the judgment of dismissal under Rule 63 (1915), later Rule 62 of the Superior Court, in the former actions is a bar to the plaintiff's maintaining the present suits, judgment is to be entered for the defendant in the present suits; otherwise the present cases are to stand for trial."

*C. B. Rugg,* for the plaintiff.

*C. C. Milton & F. L. Riley,* for the defendant, submitted a brief.

CROSBY, J. The plaintiff by writs, each of which is dated April 10, 1922, brought two actions of contract against the defendant in the Superior Court for the county of Worcester. The writs were duly entered and a declaration and answer in each case were filed. On October 6, 1924, under Common Law Rule 63 of the Superior Court (1915), afterwards Common Law Rule 62 of the Superior Court (1923), the actions were dismissed for lack of prosecution. On May 4, 1925, the plaintiff brought these actions in the Superior Court to recover for the same causes of

action as were originally set forth. The defendant pleaded that the present cases are barred by reason of the earlier cases having been dismissed for lack of prosecution. It is agreed by the parties that neither action was barred by the statute of limitations when the present actions were brought, and that the sole question presented for our determination is whether the dismissal under the above rule bars recovery.

Rule 62 is as follows: "On the Tuesday after the first Monday of September in each year the clerk in each county, except Suffolk, shall send to counsel in every case which has remained upon the docket without action, other than placing on the trial list or marking for trial, for two years preceding said date, notice that such case will be dismissed on the first Monday of October following, unless a motion that such case be allowed to remain on the docket alleging cause therefor with affidavit in support thereof shall be filed. If no such motion is filed before said first Monday of October, the case without further notice or hearing shall thereupon be dismissed, and judgment entered forthwith. At such time thereafter as may be fixed by the court, of which notice shall be given as the court may order, the list of cases in which such motions have been filed shall be called, such motions heard and such orders of dismissal or otherwise made as the court may determine."

It is settled that the dismissal of an action at law in the Superior Court under said Rule 62 constitutes a final judgment, and ends that case. *Karrick* v. *Wetmore*, 210 Mass. 578. *Shour* v. *Henin*, 240 Mass. 240, 242. *Magee* v. *Flynn*, 245 Mass. 128, 130. *Cheney* v. *Boston & Maine Railroad*, 246 Mass. 502, 506. *Fairbanks* v. *Beard*, 247 Mass. 8, 9. In *Donovan* v. *Danielson*, 263 Mass. 419, 422, which was a suit in equity, it was said that "The purpose of such general order and the dismissal of cases pursuant to it on calling of the list are to rid the records of the court of cases which have lost their vitality because of the failure of parties to prosecute their rights under the bill . . . ."

Although the order of dismissal in the original cases is a final judgment, and disposes of them unless such judg-

ment is vacated by order of the court, it does not follow that such orders are a bar to the causes of action on which the plaintiff seeks to recover. The action of the court in the original actions is in no sense an adjudication upon the causes of action for which the plaintiff seeks to recover. The contention of the defendant that the defence of *res judicata* is a bar cannot be sustained. *Res judicata* is not a defence unless a judgment has been rendered on the merits. ". . . a cause of action once finally determined, without appeal, between the parties, on the merits, by any competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal. But no such effect is attributable to a decree dismissing a bill for want of jurisdiction, failure of prosecution, want of parties, or any other cause not involving the essential merits of the controversy." *Foster* v. *The Richard Busteed,* 100 Mass. 409, 412. In *Hutchins* v. *Nickerson,* 212 Mass. 118, at page 123, it was said that "The defense of *res judicata* is available when a judgment on the merits has been entered in an earlier action involving the same issues between the same parties . . . ." *Earl Carpenter & Sons Co.* v. *New York, New Haven, & Hartford Railroad,* 184 Mass. 98, 99. *Warner* v. *Pittsfield,* 231 Mass. 138. *Sullivan* v. *Martinelli,* 261 Mass. 261. *Wilson* v. *Republic Iron & Steel Co.* 257 U. S. 92. The dismissal of the original actions under said Rule 62 was equivalent to a nonsuit in an action at law. *Butchers' Slaughtering & Melting Association* v. *Boston,* 137 Mass. 186. *Lakin* v. *Lawrence,* 195 Mass. 27, 29. *White* v. *Beverly Building Association,* 221 Mass. 15, 18. *Marsch* v. *Southern New England Railroad,* 235 Mass. 304, 307. *Donovan* v. *Danielson, supra.* See also St. 1914, c. 576, § 1, now G. L. c. 231, § 140.

It follows from what has been said that the dismissal of the original actions for want of prosecution under Rule 62 is not a bar to the maintenance of the present actions. In accordance with the terms of the report the cases are to stand for trial.

*So ordered.*