IDA F. GUILD *vs.* ISAAC COHEN.

Suffolk.    November 13, 1929. — November 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Judgment. Res Judicata. Practice, Civil*, Dismissal of action by agreement.

A judgment, entered in an action of contract in accordance with an agreement of the parties that "the action against defendant . . . be dismissed without costs," is not *res judicata* barring a subsequent action against such defendant for the same cause.

CONTRACT against the defendant as the accommodation indorser upon a promissory note upon which there was

alleged to be due the sum of $3,853. Writ in the Municipal Court of the City of Boston dated May 31, 1928.

Material facts appearing at the trial in the Municipal Court are stated in the opinion. The judge found for the plaintiff in the sum of $4,620.99. A report to the Appellate Division was ordered dismissed. The defendant appealed.

*J. F. Cronan*, for the defendant.

*H. Bergson*, for the plaintiff.

RUGG, C.J. This is an action of contract whereby the plaintiff seeks recovery against the defendant as an accommodation indorser on a promissory note. The facts pertinent to the only question of law argued are these: The plaintiff brought an action against this defendant together with three other defendants who were parties to the same note. The present defendant filed appropriate pleadings in that case. Thereafter there was filed in that action a paper signed by the attorney for the plaintiff and by the attorney for the defendant whereby it was agreed that "the action against defendant Isaac Cohen, be dismissed without costs." At the trial the defendant asked for a ruling that this dismissal constituted *res judicata* in favor of the defendant.

In this Commonwealth a judgment of dismissal has a well defined signification. In an action at law such a judgment is a final disposition of the particular case, but is not a bar to the cause of action therein described. It is not a judgment on the merits. It has the effect of a nonsuit in an action at law. Only a judgment on the merits in an earlier proceeding between the same parties is a bar to a later suit upon the same cause of action. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 46. Interpretation of the scope and effect of a judgment of dismissal has arisen most frequently where inactive cases have been dismissed under a rule of court designed to clear the docket of pending actions in which nothing has been done for a defined past period of time. *Karrick* v. *Wetmore*, 210 Mass. 578. *Donovan* v. *Danielson*, 263 Mass. 419. *Hall* v. *Maloney, ante,* 228. The legal consequences of a judgment of dismissal are the same whether rendered

because of failure of parties to keep the case active or because the parties file an agreement to that end. The judgment is the same in name and substance in whatever way it may be brought about. The case at bar in principle is governed by *Farnum* v. *Brady, ante,* 53, where numerous cases are collected and reviewed. This seems to be the general rule. See cases collected in Freeman on Judgments (5th ed.) § 758, and in 18 C. J. 1171, § 60.

*Order dismissing report affirmed.*