## IZOLA F. WIGHT *vs.* ARTHUR B. WIGHT.

Middlesex. December 6, 9, 1929. — July 1, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Res Judicata. Probate Court,* Divorce proceedings, Decree.

The doctrine, *res judicata,* in substance is that an adjudication on the merits in an earlier action, suit or proceeding is a bar, as to every issue, which in fact was or in law might have been litigated therein, to a later action, suit or proceeding upon the same cause between the same parties. Per RUGG, C.J.

After the entry in a probate court, but before a hearing, of a libel for divorce, there was mailed to the register of probate a petition, signed by the libellant, stating that she desired that her libel be dismissed, to which was appended an assenting statement signed by the libellee. Neither libellant nor libellee ever appeared personally or by counsel before the court. A decree dismissing the libel was entered, which contained no recital to the effect that the dismissal was without hearing, or by consent, or without prejudice, or in any other manner indicated that there was no adjudication on the merits. Later, the libellant in another probate court brought another libel setting out the same cause for divorce, to which was filed an answer relying on the defence, *res judicata,* and setting up the former decree. A final decree was entered dismissing the later libel without prejudice to a subsequent libel for a different cause and reciting that the dismissal was because of the former adjudication. On appeal by the libellant, it was *held,* that

(1) The record of the proceedings upon the earlier libel showed that its dismissal was not made as an adjudication by the court after hearing;

(2) The entry of dismissal of the former libel did not become *res judicata* and was not a bar to the subsequent libel;

(3) The decree was reversed.

It *was stated* that it would have been better if the entry of dismissal of the earlier libel above described had been in terms without prejudice.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on September 6, 1929.

In his answer the libellee set up the defence, *res judicata,* relying on a decree, entered on March 4, 1929, dismissing a libel filed by the same libellant on January 21, 1929, for the same cause in the Probate Court for the county of Norfolk.

The libel was heard by *Harris*, J., by whose order there was entered a final decree dismissing the libel "without prejudice to a subsequent libel for a different cause" and stating as ground of dismissal the adjudication upon the earlier libel. The libellant appealed.

*M. Jenckes*, for the libellant.

*D. B. Jefferson*, for the libellee.

RUGG, C.J.  This libel for divorce comes before us on appeal from a decree entered in a probate court dismissing the libel. A finding of material facts was filed. It appears that prior to the filing of the present libel the libellant had filed a libel in another probate court in this Commonwealth setting out the same cause for divorce. No contention is made as to the identity of the parties, the identity of the cause for divorce, or the jurisdiction of the court. That libel was dismissed by the court pursuant to a petition signed by the libellant stating that she desired that her libel be dismissed, to which was appended an assenting statement signed by the libellee. There was no hearing on the merits of the prior libel; the petition for its dismissal was mailed to the register of probate and neither libellant nor libellee ever appeared personally or by counsel before the court. There was no recital in the decree dismissing that libel to the effect that it was so dismissed without hearing, or by consent, or without prejudice, or in any other manner indicating that there was no adjudication on the merits. The trial judge ruled that the decree dismissing the prior libel was a bar to the maintenance of the pending libel and entered a decree dismissing it on that ground. The question for decision is whether this was erroneous in law.

It is plain that the former libel was not dismissed after a hearing, or on its merits, or after an adjudication by any judge upon the issues thereby raised. The proceeding in each case was in a probate court. Under the present statutes the course of proceedings in divorce, unless otherwise specifically prescribed, may conform to that in ecclesiastical courts or in courts of equity. As a practical matter it is usually in accord with equity practice. *Drew* v.

*Drew*, 250 Mass. 41, 43 and cases cited.  G. L. c. 208, § 33; St. 1922, c. 532, § 7.  *Field* v. *Field*, 264 Mass. 549.  In effect the libellee contends that the decree of dismissal in the earlier libel is a bar to the maintenance of the present libel on the ground of *res judicata*.  That doctrine has been frequently stated.  Although variously phrased, in substance it is that an adjudication on the merits in an earlier action, suit or proceeding is a bar as to every issue, which in fact was or in law might have been litigated therein, to a later action, suit or proceeding upon the same cause between the same parties.  The dismissal of an action at law has come to signify in many instances that it is not a decision on the merits.  That is commonly expressed by judgment for one party or the other.  *Farnum* v. *Brady*, 269 Mass. 53, and cases cited.  *Hall* v. *Maloney*, 269 Mass. 228.  *Guild* v. *Cohen*, 269 Mass. 241.  Dismissal frequently has the same meaning in equity.  *Donovan* v. *Danielson*, 263 Mass. 419. The entry of a decree of bill dismissed in equity often and perhaps *prima facie* means a decision on the merits.  *Foote* v. *Gibbs*, 1 Gray, 412.  *Corbett* v. *Craven*, 193 Mass. 30, 35.  That is true also of decree dismissing a libel for divorce.  *Thurston* v. *Thurston*, 99 Mass. 39.  *Roach* v. *Roach*, 190 Mass. 253.  But that is not an inflexible and unyielding rule of law to be followed in the face of facts where its application would work a manifest injustice and would be contrary to the underlying principle on which the doctrine of *res judicata* rests.  That principle is that it is in the interests of the public and of the parties that a case once tried should be treated as settled and not further litigated.  It may apply to judgments and decrees entered on a default.  But it does not apply where there has been no trial and no final adjudication.  It is open to the parties in appropriate instances to show by evidence the precise ground on which the entry of disposition of the earlier case was made.  *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 49.  It is not necessary in the case at bar to delimit the bounds of that principle.  It is always permissible to ascertain the issues determined in the earlier case by examination of the record of the court in which it

went to judgment. *Bates v. Bodie*, 245 U. S. 520, 526. *New York Central & Hudson River Railroad v. T. Stuart & Son Co.* 260 Mass. 242, 248, 249. It is plain that the record of the proceedings upon the earlier libel shows that the dismissal was not made as an adjudication by the court after hearing. It was made because of the petition signed by the libellant and assented to by the libellee. That was addressed to the court, became a part of its files and was the basis of its action. The entry of libel dismissed in those circumstances did not become a thing adjudicated. It was simply a final disposition of that proceeding but not a decision of it on its merits. It is not a bar to the present libel. *Hutchins v. Nickerson*, 212 Mass. 118, 123. *Cutter v. Arlington Casket Co.* 255 Mass. 52, 62. *Donovan v. Danielson*, 263 Mass. 419, 423. *Farnum v. Brady*, 269 Mass. 53. The case at bar is distinguishable from cases like *Biggio v. Magee*, this day decided, and *In re South American & Mexican Co.* [1895] 1 Ch. 37, where the judgment although entered by consent of parties was a final disposition of the issues raised.

It would have been much better if the entry of dismissal had been in terms without prejudice; then all doubt would have been avoided. But that is the effect of this record. The case at bar is distinguishable from *Roach v. Roach*, 190 Mass. 253.

*Decree reversed.*
*Libel to stand for hearing.*