### DEITRICK v. CROWLEY et al.
### No. 4100.

District Court, D. Massachusetts.
March 21, 1935.

Brenton K. Fisk, Andrew J. Aldridge, and Aldridge & Fisk, all of Boston, Mass., for plaintiff.

Brown, Field & McCarthy, of Boston, Mass., for defendant.

McLELLAN, District Judge.

The defendants move for dismissal on the grounds that the plaintiff has stated no case cognizable in equity; that the matters set forth in the bill are res judicata; that the suit was not instituted seasonably; that the cause of action, if any, is barred by a Massachusetts statute; and, in substance, that by reason of the settlement of the estate of the stockholder of record, the suit cannot be maintained.

The suit was brought by Frederick S. Deitrick, as receiver of Federal National Bank of Boston, an insolvent national bank, not earlier than February 15, 1935. The bill discloses that in April, 1930, Bartholomew J. Crowley died, leaving an estate composed in part of thirty-two shares of the stock of Federal National Bank. His will was allowed on May 15, 1930, and the defendants Mary E. Crowley and Philip T. Egan then duly qualified as executors thereof.

At some time after May 4, 1932, and before June 30, 1932, the executors prepared their first and final account, showing $353,287.83 as the amount of personal property received by them, and showing certain payments, charges, losses, and distributions. This account purports to show depreciation of $2850 on thirty shares of the stock of Federal National Bank, and the distribution to the defendants Mary E. Crowley and Philip T. Egan, trustees under the will of Bartholomew J. Crowley, of certain shares of corporate stock valued at $323,314.87. In short, the account purports to state a complete distribution of all of the personal property which came into the possession of the executors. Under Massachusetts laws, no decree for distribution is needed by executors, and there was no evidence that any such decree was either sought or obtained. The executors' first and final account was, according to the allegations of the bill, allowed on June 30, 1932.

By the terms of the trust under which the defendants Mary E. Crowley and Philip T. Egan received the property hereinbefore referred to as trustees, they were to keep the substance of the trust intact for a period of five years, commencing at the testator's death, and were thereupon to make distribution as if the testator had died intestate. The defendant Mary E. Crowley is the testator's widow, and the defendants Charles A. Crowley, Edwin B. Crowley, Kathryn Crowley, and Mary V. Crowley are his children.

It is alleged that subsequent to the death of Bartholomew J. Crowley and prior to the insolvency of the bank, an additional eight shares of its stock "had been acquired by or for the decedent estate, making a total of forty shares, having an aggregate par value of eight hundred (800) dollars." In view of the difficulties in the way of acquisition of property "by or for the decedent estate," an executor's want of authority to bind the estate by an attempted acquisition

of corporate stock, and a pleader's duty to set forth the substantive facts on which relief may be predicated, I regard this allegation as to the eight shares as altogether insufficient to warrant a denial of the defendants' motion to dismiss, if the bill fails to state adequately a case for equitable relief as to the thirty-two shares owned by the testator at the time of his decease.

Having stated what took place by way of distribution of the estate by the executors, as indicated by the account purporting to cover a period ending May 4, 1932, it becomes necessary to revert to December 15, 1931, when the Comptroller of the Currency appointed a receiver to take charge of the property and affairs of Federal National Bank. Thereafter, on May 9, 1932, the Comptroller, upon due determination of the facts, duly assessed all owners of stock an amount equal to the par value of their respective shares.

The bill, after alleging due demand for the payment of the assessment on or before June 16, 1932, prays that "the trustees and/or executors will be duly ordered to pay the plaintiff as Receiver of Federal National Bank of Boston the amount of said stock assessment and interest, or, in the alternative, if distribution of the property in said trust will have been made, that the distributees shall be ordered to make such payment, each within the limit of his distributive portion of the property of the trust."

When the defendants' motion to dismiss was argued, no attempt was made to show that the plaintiff's remedy, if any, is at law and not in equity.

As to the defense of res judicata, counsel for the defendants got no further than to state that two actions at law had been brought, one against certain defendants in the municipal court of the city of Boston, and the other against another defendant in a district court, and that the first case was nonsuited, while the other was discontinued. Though there was a final disposition of the particular cases, there was no judgment on the merits, such as is necessary to constitute a bar to a subsequent suit. Guild v. Cohen, 269 Mass. 241 at page 242, 168 N. E. 725.

The questions whether the bill, taken in connection with the distribution by the executors hereinbefore recited, states a cause for relief, and whether the suit was instituted within the time required by law, remain to be determined.

The suit is brought pursuant to sections 64 and 66 of title 12 of the United States Code (12 USCA §§ 64 and 66). These sections, so far as here applicable, read in substance as follows:

"§ 64. The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof, in addition to the amount invested in such stock. * * *"

"§ 66. Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

As stated in Forrest v. Jack, 55 S. Ct. 370, 371, 79 L. Ed. ——, decided by the Supreme Court of the United States in February of this year: "The liability of stockholders is based upon the statute, 12 USCA § 64. As a general rule, the person in whose name the stock stands on the books of the bank is liable, but the actual owner may be held although the stock has not been registered in his name. The liability does not altogether cease on the death of the owner but, as limited and defined by section 66 [12 USCA] attaches to his estate. The fiduciaries are exempt but the property belonging to the estate is liable as would be the deceased if living. No cause of action arises until the assessment is made by the Comptroller and, so far as concerns the need and amount, his findings are conclusive. * * * In the absence of federal enactments relating to procedure for enforcement of the liability imposed by section 66, collection is to be made in accordance with state laws governing claims against estates of deceased persons at least to the extent that such laws are not inconsistent with enforcement of the liability imposed by national authority. * * *"

The state laws, so far as they have been cited, consist of Massachusetts General Laws (Ter. Ed.) c. 197, §§ 13, 28, and 29. They read as follows:

"Sec. 13. *Claims accruing after one year.* A creditor of the deceased, whose right of action does not accrue within one year after the giving of the administration bond, or within such further time as may be

allowed by any extension granted under section nine, or in the case of an administrator de bonis non, within the period allowed by section seventeen, may present his claim to the probate court at any time before the estate is fully administered; and if, upon examination thereof, the court finds that such claim is or may become justly due from the estate, it shall order the executor or administrator to retain in his hands sufficient assets to satisfy the same. But if a person interested in the estate offers to give bond to the alleged creditor with sufficient surety or sureties for the payment of his claim if it is proved to be due, the court may order such bond to be taken, instead of requiring assets to be retained as aforesaid. If because of partial distribution already made, or because of inability to sell the real estate of the deceased, the executor or administrator is unable to retain sufficient assets to satisfy the claim in full as finally established, the creditor may enforce his claim for the balance under section twenty-nine, within one year from the final settlement of said estate or from the time when the amount of said balance is finally determined."

"Sec. 28. *Liability of heirs, etc., after settlement of estate.* After the settlement of an estate by an executor or administrator, and after the expiration of the time limited for the commencement of actions against him by the creditors of the deceased, the heirs, next of kin, devisees and legatees of the deceased shall be liable in the manner provided in the following sections for all debts for which actions could not have been brought against the executor or administrator, and for which provision is not made in the preceding sections."

"Sec. 29. *Enforcement of liability.* A creditor whose right of action accrues after the expiration of said time of limitation, and whose claim could not legally be presented to the probate court, or whose claim, if presented, has not been allowed, may, by action commenced within one year next after the time when such right of action accrues, recover such claim against the heirs and next of kin of the deceased or against the devisees and legatees under his will, each of whom shall be liable to the creditor to an amount not exceeding the value of the real or personal property which he has received from the estate of the deceased. But if by the will of the deceased any part of his estate or any one or more of the devisees or legatees is made exclusively liable for the debt in exoneration of the residue of the estate or of other devisees or legatees, such provisions of the will shall be complied with, and the persons and estate so exempted shall be liable for only so much of the debt as cannot be recovered from those who are first chargeable therewith."

The plaintiff's cause of action accrued on May 9, 1932, when the Comptroller of the Currency ordered the assessment, and for aught that appears to the contrary, the defendants had at that time made a complete distribution of the estate, though their account showing such distribution was not allowed until June 30, 1932. In any event, the defendants Mary E. Crowley and Philip T. Egan, as executors, held no property of the decedent at the time the suit was brought, and if the plaintiff has an equitable lien, it must be enforced against the property distributed to and now in the possession of the trustees.

Matteson v. Dent, 176 U. S. 521, 20 S. Ct. 419, 44 L. Ed. 571, held that on facts somewhat similar to those in the case at bar the receiver of a national bank could follow property in the possession of distributees and thus enforce the liability for an assessment. But this decision rested squarely upon a Minnesota statute (Gen. St. 1894, § 5918) which declared that: "The next of kin of a deceased person are liable to an action by a creditor of the estate, to recover the distributive shares received out of such estate, or so much thereof as may be necessary to satisfy his debt." Forrest v. Jack, supra, reiterated the rule that the liability of property in the hands of a distributee to an assessment depends upon the applicable state law, and decided that in the light of a Utah statute, the receiver of a national bank was not entitled to follow the property into the hands of a distributee. The Utah statute (Rev. St. 1933, 102-9-28) involved in the Forrest Case provides: "When the accounts of the administrator or executor have been settled and an order made for the payment of debts and distribution of the estate, no creditor whose claim was not included in the order for payment has any right to call upon the creditors who have been paid, or upon the heirs, devisees or legatees, to contribute to the payment of his claim."

While the Massachusetts statutes above quoted may be regarded as not so favorable to the plaintiff as the Minnesota statute, and as more favorable to him than the Utah statute, I cannot believe that the plaintiff

should be allowed to take the benefit of the Massachusetts statutes without at the same time taking over their burdens. The plaintiff did not proceed within one year from the final settlement of the estate, as required by section 13, supra, or within one year after the time when his right of action accrued, as required by section 29, supra. On the contrary, distribution of the decedent's estate having been made in 1932 and the plaintiff's cause of action having accrued in that year, the present suit was not brought until the year 1935.

If it be thought that the Massachusetts statutes above set forth, by reason of decisions of the Supreme Judicial Court of Massachusetts involving the liability of stockholders in state banks, are inapplicable to an assessment made after a stockholder's death, the result is the same. In the absence of applicable state legislation, such as existed in the Matteson Case, supra, there is nothing on which to predicate the extension of an equitable lien, after full distribution of the estate, to property in the possession of legatees who, as here, are not stockholders.

The entry must be: "Bill Dismissed."