JOEL WALKER *vs.* INHABITANTS of WEST BOYLSTON.

Worcester. Oct. 3, 1879. — June 24, 1880. ENDICOTT & LORD, JJ., absent.

The election by a town of road commissioners, under a proper warrant therefor, is not illegal because they are chosen at a special meeting called for that purpose, nor because the St. of 1871, *c.* 158, providing for the election of road commissioners, is accepted at the same meeting.

Under the St. of 1871, *c.* 158, as amended by the St. of 1873, *c.* 51, providing that the road commissioners of a town "in matters concerning streets, ways," &c. "shall exclusively have the powers, and be subject to the duties, liabilities and penalties of selectmen and surveyors of highways," the petition of a landowner for an assessment of damages occasioned by a change of grade in a highway, after the town has accepted the statute and elected road commissioners, should be presented to the commissioners, and not to the selectmen.

PETITION to the Superior Court, under the Gen. Sts. *c.* 44, §§ 19, 20, for a jury to assess the damages occasioned to the plaintiff's estate by a change of grade in a highway in the respondent town. The case was submitted to the Superior Court, and, after judgment for the respondent, to this court on appeal, on an agreed statement of facts, the material parts of which appear in the opinion.

*H. B. Staples,* for the plaintiff.

*W. S. B. Hopkins & H. F. Harris,* for the respondent.

COLT, J. The application of the petitioner, for damages occasioned by a change of grade in the highway, was made to the selectmen of West Boylston, and not to the road commissioners of that town. The provisions of the St. of 1871, *c.* 158, entitled, "An act to provide for the election of road commissioners," had been accepted, and commissioners duly elected by the town, before the grade of the highway was changed.

It is no objection to the legality of the election, that the commissioners were chosen at a special meeting called for that purpose, to serve for the term of one, two and three years. The statute itself provides, that they may be elected at any meeting called for that purpose, and declares that the terms of service shall run from the date of the annual meeting next preceding the election.

Nor was the election of commissioners illegal because they were chosen at the same meeting at which the act was accepted. The statute requires that, before the election is had, the act

must have been accepted; but there is nothing which implies that different meetings must be had, one for the acceptance and another for the election. It is enough if, after a vote of accept ance, commissioners are elected under a sufficient article in the warrant at the same meeting. All the conditions exist which give the town a right to elect. The warrant in this case gave notice that one of the subjects to be acted on would be the election of road commissioners under the existing statute. It is to be presumed that the provisions of the statute were known by all, and that no election could be had, unless, under a pre- vious article in the same warrant, the act, with all its provisions and without alteration, was accepted by the town.

The case differs from *Locke* v. *Lexington*, 122 Mass. 290, where it was held that an article calling on the inhabitants to determine whether they would accept the provisions of a bill then pending before the Legislature, contained in a warrant which was issued and served before the bill became a law, was not a sufficient notice of the subject-matter to be acted on, be- cause until it became a law it could not be known what its provisions would be. *Torrey* v. *Millbury*, 21 Pick. 64. *Hadsell* v. *Hancock*, 3 Gray, 526. *Avery* v. *Stewart*, 1 Cush. 496.

But it is contended that the plaintiff's petition was properly presented to the selectmen rather than the road commissioners, even if the latter were legally elected, because the authority to estimate the damage under the Gen. Sts. *c.* 44, § 19, has not been transferred to the road commissioners.

By the St. of 1871, *c.* 158, as amended by the St. of 1873, *c.* 51, it is declared that road commissioners "in matters concern- ing streets, ways," &c. "shall exclusively have the powers, and be subject to the duties, liabilities and penalties of selectmen and surveyors of highways." Under the General Statutes, the owner of land adjoining the highway, who sustained damage by reason of any act of repair, was entitled to compensation, to be determined by the selectmen. The assessment of damages was a duty concerning the making and repairs of highways which was imposed upon the selectmen. It was a duty con- cerning "streets and ways," which was expressly transferred by the later statute to the road commissioners. It is none the less a duty because it is partly judicial, rather than ministerial and

executive, in its character. The language of the act is broad enough to include all acts of the selectmen of towns pertaining to the repair of highways. The policy of the Legislature has been to make officers, performing duties in respect to the laying out and repair of highways, judges in the first instance of the damages caused by their acts. The statutes of 1871 and 1873 afford no evidence of an intention to change this policy. All the powers and duties of selectmen are vested in the road commissioners, and the original application for damages should have been presented to the latter board. The petition for a jury to assess damages in the Superior Court, founded on the application to the selectmen, was properly dismissed. *Judgment affirmed.*