MARSHALL WOOD & another *vs.* JOHN L. JEWELL & another.

Middlesex. January 11. — 17, 1881. COLT, J., absent.

Under articles in a warrant for a town meeting, "to choose all necessary town officers for the year ensuing," and "to see if the town will accept the provisions of " the St. of 1871, c. 158, as amended by the St. of 1873, c. 51, in regard to the election of road commissioners, "or do or act anything thereon," the town, after having accepted the provisions of the statute, may proceed to elect road commissioners.

TORT against John L. Jewell and Edmund M. Stowe, for breaking and entering the plaintiffs' close in Hudson, and removing the soil therefrom. Jewell justified, as superintendent of roads and highways acting under the road commissioners, and Stowe justified as a road commissioner; and each alleged that he entered upon the land in the discharge of the duties of his respective office. Trial in the Superior Court, before *Pitman*, J., who, after a verdict for the defendants, reported the case for the determination of this court, in substance as follows:

The trespass complained of was an entry upon the plaintiffs' land in 1874, for the purpose of constructing a way laid out by the road commissioners of the defendant town. No objection was made to the proceedings of the commissioners, if they were legally elected, and the legality of their election depended upon the following facts:

On April 6, 1874, the annual town meeting of the inhabitants of Hudson was held under a warrant duly served, article 2 of which was as follows: "To choose all necessary town officers for the year ensuing." Article 19 of the warrant was as follows: "To see if the town will accept the provisions of chapter 158 of the Acts of the Legislature of the Commonwealth of Massachusetts for the year 1871, in reference to the election of a board of road commissioners, and the provisions of chapter 51 of the Acts of 1873, amendatory of the former acts, or do or act anything thereon." At this meeting the town, under article 2, elected the officers that were the "necessary town officers" at the time of the drawing of the warrant; and, after acting under several other articles in the warrant, "voted to take up article 19," and under it "voted to accept and adopt the provisions therein named."

Subsequently, at the same meeting, Edmund M. Stowe, William F. Trowbridge and David B. Goodale were elected and qualified as road commissioners for one, two and three years respectively.

On these facts the judge directed the jury to return a verdict for the defendants. If the direction was correct, judgment was to be entered on the verdict; otherwise, a new trial to be granted.

*W. B. Gale & J. P. Gale*, for the plaintiffs.

*T. H. Sweetser & J. T. Joslin*, for the defendants.

ENDICOTT, J. The articles in a warrant for a town meeting are generally inartificially drawn, and are not to be subject to a rigid construction. It is sufficient if they indicate with substantial certainty the nature of the business to be acted on by the town.

In this case, the warrant for the annual meeting of the town of Hudson contained the usual article, that all necessary town officers for the year ensuing would be chosen. It also contained an article in regard to the acceptance of the St. of 1871, *c.* 158, as amended by the St. of 1873, *c.* 51, in regard to the election of road commissioners, closing with these words, " or do or act anything thereon." We are of opinion that, under these articles, the town could proceed to elect the commissioners, after having accepted the provisions of the act.

In *Walker* v. *West Boylston*, 128 Mass. 550, it was held that the commissioners could be elected at the meeting when the act was accepted, if the warrant contained a sufficient article under which an election could be had. Upon the acceptance of the act, the commissioners to be chosen in accordance with its provisions were necessary town officers for the ensuing year. The order in which the articles were placed on the warrant, or were acted upon by the town, is immaterial. The general article in relation to the election of officers would seem to be sufficient to warrant the election of the road commissioners, after the town had adopted the act. But the matter is put beyond question by the closing words of the other article, " or do or act anything thereon." This is in substance to do anything in relation to the act, so far as the same can be acted on in town meeting, in order to render its acceptance effectual, and the words evidently refer

to and include the election of commissioners, which is the first step in that direction.

The election of commissioners was therefore proper; and they committed no trespass by entering on the plaintiffs' close in the performance of their duties.          *Judgment on the verdict.*