ALLEN COFFIN & others, trustees, *vs.* EDWARD A. LAWRENCE.

Nantucket. *Oct. 26.* — *Nov. 26, 1886.* DEVENS & W. ALLEN, JJ., absent.

C. petitioned the proprietors of the common and undivided lands in N. "to set off to him all the common land to the eastward of S. village and A. heights and in front of S. village." A meeting of the proprietors was called "to act upon the petition of C. for land to be set off to him near S." At the meeting it was voted "that the petition of C. for land near S. be granted;" and the lot-layers presented returns and a map pertaining to land to be set off to C., the material part of which was as follows: "Pursuant to a vote of proprietors of the common and undivided lands of N., we have this day set off in severalty to C. all the common and undivided land in and near the village of S., whether above or below the bank, contained and enclosed within the lines of the map or plan herewith presented;" and it was voted "that the returns and map of the lot-layers be accepted." The plan bounded the lot set off to C. southeasterly by

the ocean, northeasterly and northwesterly by lots previously set off to other persons, and northwesterly by a line defined by metes and bounds, as well as by courses and distances. At the trial of a writ of entry by a person claiming under C., it was admitted that the base or northerly "line of the lay-out passed through the eastern part of the village of S.," which was a part of N., but which, so far as appeared, had no legal, defined boundary. *Held,* that the grant by the proprietors to C. was within the scope of the business of which they were notified by the call for the meeting, and was valid.

WRIT OF ENTRY to recover a parcel of land in Nantucket. Trial in the Superior Court, before *Bacon,* J., who directed a verdict for the tenant; and the demandants alleged exceptions. The facts appear in the opinion.

*C. W. Clifford,* for the demandants.

*T. M. Stetson,* (*H. B. Worth* with him,) for the tenant.

MORTON, C. J. The demandants' title is derived from Henry Coffin. To show his title, they put in evidence a vote of the proprietors of the common and undivided lands of the island of Nantucket, passed January 25, 1886. It is not disputed that such proprietors might grant land by a vote, instead of a deed. See *Mitchell* v. *Starbuck,* 10 Mass. 5; *Springfield* v. *Miller,* 12 Mass. 415; *Folger* v. *Mitchell,* 3 Pick. 396. But the tenant contends that the vote on which the demandants rely was invalid, because it did not follow and conform to the call or warrant for the meeting at which it was passed.

The petition of Henry Coffin asks the proprietors "to set off to him all the common land to the eastward of Siasconset village and Sunset Heights, and in front of Sconset village." In the call for the meeting, the proprietors are notified that the purposes of the meeting are, first, to choose a moderator, and, "second, to act upon the petition of Henry Coffin for land to be set off to him near Siasconset."

At the meeting, as appears by the record, "under the second article of the warrant it was voted that the petition of Henry Coffin for land near Siasconset be granted." Thereupon, "the lot-layers presented returns and map pertaining to the land to be set off to Henry Coffin," the material part of which is as follows: "Pursuant to a vote of proprietors of the common and undivided lands of the island of Nantucket, we have this day set off in severalty to Henry Coffin all the common and undivided land in and near the village of Siasconset, whether above or

below the bank, contained and enclosed within the lines of the map or plan herewith presented." The plan bounds the lot set off to Coffin southeasterly by the ocean, northeasterly and north-westerly by lots previously set off to other persons, and north-westerly by a line defined by metes and bounds, as well as by courses and distances. The record then proceeds as follows: "and it was voted that the returns and map of the lot-layers be accepted." As we have said, this amounted to a grant of the land described in the plan to Coffin, if the meeting was author-ized to pass these votes under the warrant or call.

It was admitted at the trial that the base or northerly "line of the lay-out passed through the eastern part of the village of Siasconset;" and thereupon the court, at the request of the ten-ant, ruled that the "lay-out to said Henry Coffin was invalid, because the lay-out exceeded by its terms the land described in the petition and call." We are of opinion that this ruling was erroneous. Such proprietors of common and undivided lands are a quasi corporation or body politic. The calls for meetings are analogous to warrants for town meetings, and are to be governed by the same rules. In regard to the meetings of such proprietors, as in regard to town meetings, our laws from the earliest period have provided that the warrants or notifications must state the purposes of the meeting, and that no business can be transacted unless stated therein.

Thus the Prov. St. of 1712–13 (12 Anne) c. 9, § 2, provided that "no other affair shall be transacted at any meeting of the proprietors than what is expressed in the warrant or notification for such meeting." 1 Prov. Laws (State ed.) 704. The St. of 1783, c. 39, § 1, contained the same provision; and substantially the same provision has been reënacted in all the subsequent revisions of the statutes. Rev. Sts. c. 43, § 5. Gen. Sts. c. 67, § 11. Pub. Sts. c. 111, § 11.

It has been repeatedly held that town warrants should be construed liberally, and that a meeting might legally act upon any subject of which the warrant gives substantial and intelli-gent notice to the voters. Warrants are held sufficient if they indicate with substantial certainty the nature of the business to be acted on. *Haven* v. *Lowell,* 5 Met. 35. *Wood* v. *Jewell,* 130 Mass. 270. *Matthews* v. *Westborough,* 131 Mass. 521.

We think the same rule should be applied to notifications of the meetings of proprietors of common and undivided lands. They must state the affair or business which is to come before the meeting. From the nature of the case, they must be general, and cannot state in detail the action which the proprietors may take upon the subject expressed in them.

In the case before us, the proprietors were notified that the meeting was " to act upon the petition of Henry Coffin for land to be set off to him near Siasconset." The notification does not purport to give the boundaries of the land which it is proposed to convey to Coffin. It is a general notice of the affair or business which is to come before the meeting, and the details of action and the boundaries of the land are necessarily left to be decided by the meeting. There is nothing in the case to show that Siasconset has any legal, defined boundary. It is a part of Nantucket, and there is no certain ascertained line which separates it from the lands southerly of it and between it and the ocean. It seems to us that the ruling was based upon too narrow a construction of the call; and that the grant to Coffin which the meeting made was fairly within the scope of the business of which the proprietors were notified by the warrant or call.

*Exceptions sustained.*