ARTHUR T. NELSON *vs.* TOWN OF BELMONT & another.

Middlesex.  March 6, 25, 1930. — January 6, 1931.

Present: RUGG, C.J., CARROLL, WAIT, & FIELD, JJ.

*Zoning. Municipal Corporations,* Zoning by-law, Warrant for town meeting, Officers and agents. *Equity Pleading and Practice,* Waiver of defence; Master: findings; Decree; Appeal; Argument before Supreme Judicial Court. *Res Judicata.*

The defendants in a suit in equity to restrain the enforcement of an alleged amendment to a zoning by-law of a town waived a right to contend that the plaintiff was not entitled to proceed in equity and that his sole and adequate remedy was at law by answering to the merits and going to trial before a master without raising such objection, and by not making such contentions until the hearing in this court of their appeal from a final decree.

Findings by a master without a report of the evidence before him must be accepted as true unless they are inconsistent with each other, or contradictory, or plainly wrong in view of incontrovertible facts.

Where one issue before a master, to whom was referred a suit in equity to restrain the enforcement of an alleged amendment to a zoning by-law of a town, was the determination of the zone in which the plaintiff's property was placed by the original by-law, and it appeared that the boundaries of the zones had been designated only by lines placed upon a map and that the master, to determine the location of such lines with relation to the plaintiff's land, had studied the map and had taken a view and had applied the map to the locality, his determination of such issue must be accepted as true even though it be assumed not to rest upon oral testimony of witnesses, if it is not inconsistent with or contradictory to his other findings.

The provisions of G. L. c. 40, § 27, as amended by St. 1925, c. 116, § 2, did not vest jurisdiction in the selectmen of a town to alter the true boundary line between two districts established by a zoning by-law of the town; and, where the zoning by-law gave them no such power, an order by them, after a hearing held upon objection to the issuance

of a permit for a building in a zone proper therefor, which purported to make such an alteration as to make the issuance of the permit improper, was invalid.

A dispute having arisen as to the location of the boundary of a zone, purported to be established by a zoning by-law of a town, a planning board, within powers established by the by-law, upon petition and of its own initiative, gave a hearing and made a recommendation to the town as to the proper location of such boundary. The warrant for an annual town meeting to be held in March, 1927, contained an article, "To see if. the Town will vote to modify the existing Zoning By-law . . . by providing that the dividing line" in question "shall be the dividing line" described by metes and bounds as shown on a designated plan "as recommended by the report of the Planning Board on file . . . or in any way act thereon." A motion to adopt such recommendation was lost. An owner of land near the line in question then presented a motion to "modify the existing zoning by-law" by establishing as the dividing line in question one different from that named in the warrant. The motion was carried. A building permit was refused, by reason of the modification alleged thus to have been made, to one who, by bill in equity, sought to require the town authorities to grant the permit because it was proper under the original by-law. A decree for the plaintiff in such bill was entered. Upon appeal by the defendants, it was *held*, that

(1) The motion which was passed was not properly before the town meeting;

(2) There was no such notice as is required by G. L. c. 40, § 30; St. 1926, c. 216, § 1, given of the alteration stated in the motion that was passed;

(3) The concluding words of the article in the warrant for the town meeting at which the vote in question was passed, namely, "or in any way act thereon," did not justify the vote actually taken upon the new motion offered after the defeat of the action described in the warrant;

(4) The principle that warrants for town meetings are to be liberally interpreted was not applicable: it could not validate a vote changing the dividing line between two districts established by a zoning by-law of which no notice was given in the warrant for the town meeting;

(5) No modification of the dividing line as established by the by-law in its original form was established by the vote.

Entry of judgment by agreement of parties and without a hearing, that a petition for a writ of certiorari to quash action of selectmen of a town purporting to locate the boundary line of a zone described in a town by-law be dismissed, was not *res judicata* barring the petitioner from maintaining a suit in equity against the town and its inspector of buildings to establish his rights under the by-law to be different from those stated by the selectmen in their order.

No consideration can be given by this court to matters referred to or stated in a brief of a party which do not appear in the record before the court.

In a suit in equity to have declared void as to land of the plaintiff a vote of a town altering a zoning by-law by changing the location of a boundary line, a decree, declaring the vote "in all respects illegal and void," on appeal was ordered modified by adding the words "so far as concerns land of the plaintiff."

It appearing in a suit in equity to require the issuance to the plaintiff of a building permit which had been refused by town authorities on the ground that to issue it would be in violation of a zoning by-law, that the zoning by-law had no effect upon established and existing building line restrictions and that the subject of building line restrictions outside the zoning by-law was not involved in the suit at bar and had not been tried, it was not necessary to mention such restrictions in a decree granting the plaintiff the relief he sought.

There was no legal objection to a mandatory provision in the final decree in such suit directing the building inspector to issue a permit to the plaintiff to erect stores upon his lot after finding that his plans therefor were in conformity to the by-laws of the town.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on November 24, 1928, against the town of Belmont and its inspector of buildings, and described in the opinion.

The suit was referred to a master. Material facts found by the master are stated in the opinion. After the filing of the master's report, the suit was heard by *Sanderson, J.,* by whose order there were entered an interlocutory decree confirming the master's report and a final decree ordering, adjudging and decreeing, in substance as follows:

"1. The vote passed by the town meeting of the town of Belmont on March 29, 1927, under article 49 of the warrant for the annual town meeting of said town, which vote purported to modify the existing zoning by-law of the town by establishing the dividing line between the general residence district and the local business district on the easterly side of Common Street between Trapelo Road and Palfrey Road at the southerly line of Lot 226 . . . owned by the plaintiff so that all of said land of the plaintiff should be in the general residence district, is in all respects illegal and void.

"2. The land of the plaintiff described in the bill . . . is located in a local business district under the zoning by-law of the town of Belmont as now in force and the plaintiff and his successors in title are entitled to use the same for any

and all purposes or uses permitted by such zoning by-law in a local business district.

"3. The defendants . . . are forever enjoined and restrained from in any manner interfering or attempting to interfere with the use by the plaintiff, or his successors in title, of his said land for any purposes or in any manner permitted by said zoning by-law in a local business district and they are further enjoined and restrained from in any manner enforcing or seeking to enforce said vote of March 29, 1927, against the plaintiff or his successor in title.

"4. The defendant . . . building inspector . . . is enjoined and required to issue to the plaintiff a permit under the building laws of the town for the erection of a building or buildings on said land for use for the purpose of retail stores upon the presentation to him by the plaintiff of an application therefor and the determination by him that the proposed building or buildings comply with a character which may be erected and used under the provisions of the zoning by-law in a local business district."

The defendants appealed.

*A. L. Taylor,* Town Counsel, *J. W. Flett,* & *E. C. Parks,* for the defendants, submitted a brief.

*W. H. Hitchcock,* for the plaintiff.

RUGG, C.J.  The plaintiff seeks by this suit in equity to restrain the enforcement of an alleged amendment to the zoning by-law of the town of Belmont so far as it affects certain land owned by him.  The defendants answered to the merits.  The case was referred to a master under the usual rule requiring him to hear the parties and their evidence, and to find and report the facts.  The master has filed a comprehensive report covering the issues raised.  An interlocutory decree was entered overruling the exceptions to and confirming the master's report, from which there was no appeal.  A final decree was entered granting relief.  The appeal of the defendants brings the case here.

The defendants have urged that the plaintiff is not entitled to proceed in equity and that the sole and adequate remedy for his alleged wrongs was at law.  That

defence is not open at this time. Apparently it never was raised until the argument before the full court. It must be held to have been waived by answering to the merits and by going to trial before the master without objection. *Bauer* v. *International Waste Co.* 201 Mass. 197, 200, 201. *Reynolds* v. *Grow,* 265 Mass. 578, 580, 581, and cases there reviewed. *Radway* v. *Selectmen of Dennis,* 266 Mass. 329, 336. There was resort to equity without objection in *Nectow* v. *Cambridge,* 260 Mass. 441. *Euclid* v. *Ambler Realty Co.* 272 U. S. 365, 386. See, also, *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3; *McArthur* v. *Hood Rubber Co.* 221 Mass. 372, 374.

There is no report of the evidence. Therefore the findings of the master must be accepted as true unless they are inconsistent with each other, or contradictory, or plainly wrong in view of incontrovertible facts. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334. *Prudential Trust Co.* v. *McCarter,* 271 Mass. 132, 139.

The master has found that, prior to April 1, 1926, the defendant town had adopted a zoning by-law pursuant to authority conferred by G. L. c. 40, §§ 25-30, both inclusive, and acts in amendment thereof. Thereby the territory of the town was divided into four zones, designated as single residence districts, general residence districts, local business districts and general business districts. No attack is made upon the validity of this zoning by-law as originally adopted. On or about April 1, 1926, the plaintiff bought a lot of land on Common Street in the defendant town. Prior to that purchase, he made with reference to this lot a careful examination of the zoning by-law of the town and of its accompanying map purporting to show the precise boundaries of the several districts into which the town had been zoned, and studied the situation on the ground. He conferred with local real estate brokers. There was unanimity of opinion that the lot was zoned in a local business district. The plaintiff reached that conclusion. Accordingly, he made the purchase. Apparently the exact location of

the zoning line between a local business district and a general residence district, with respect to the land purchased by the plaintiff, was not clear beyond peradventure on superficial examination because of a possible indefiniteness in the zoning map. The master has found, after careful study of the zoning map and examination of the locality, and interpretation of the map in the light of his observations on the face of the earth, that the land of the plaintiff was included within a local business district. It is not necessary to discuss the zoning map in detail because it was applied to the locus in connection with the view by the master, whose determination in this particular must be accepted as true even though it be assumed not to rest upon oral testimony of witnesses. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 29, 30. Scrutiny of the record and of the copy of the plan does not warrant disturbance of this finding.

In September, 1926, the building inspector of the defendant town notified the plaintiff that his application for a permit to erect a block of stores on his land would be granted, but shortly afterwards he notified the plaintiff that, because of objection filed, the selectmen would give a hearing on the matter. Such hearing was held and the selectmen then made an order establishing as the boundary between the local business district and the general residence district a line whereby the land of the plaintiff would be in the general residence district and not in the local business district. This order of the selectmen could have no effect in altering the true boundary line between these two districts established by the zoning by-law as found by the master. There is nothing in the record, the zoning by-law, or the statutes, vesting jurisdiction over such a matter in the selectmen. The provisions of G. L. c. 40, § 27, as amended by St. 1925, c. 116, § 2, do not extend so far. No attempt appears to have been made to proceed under § 27A, added to G. L. c. 40 by St. 1924, c. 133.

The planning board of the defendant town was empowered by the zoning by-law, upon petition or of its

own initiative, to hold a public hearing after specified notice "for the consideration of amendments altering the boundaries of any district hereby established . . . and to submit to the Town for action its recommendations in regard to the same." Pursuant to this authority, both upon a petition and upon its own initiative, the planning board gave a hearing on changing the boundary of these zoning districts affecting land of the plaintiff. The plaintiff was heard, as were other owners of land in the vicinity, before the planning board. Such hearing and any recommendation by the planning board were voluntary and under the by-law and did not arise from deputization by a town meeting with respect to some specified subject before it for action.

The warrant for the annual meeting of the defendant town held in March, 1927, contained an article, "To see if the Town will vote to modify the existing Zoning By-Law as heretofore adopted by the Town by providing that the dividing line between the general residence district and the local business district" in the neighborhood in question "shall be the dividing line between Lots 225 and 226 as shown on plan, on file in the Town Clerk's office, for the distance of one hundred feet easterly from Common Street, measured at right angles from said Common Street, as recommended by the report of the Planning Board on file in the Town Clerk's office, or in any way act thereon." The proposed dividing line described in this article and recommended by the planning board placed all the front part of the plaintiff's land in the local business district. When this article came up for consideration at an adjournment of the annual town meeting, the plaintiff and his counsel were present. The counsel asked to be heard in behalf of the plaintiff, but permission was refused. The plaintiff himself, not being a resident of the town, because of that refusal did not ask to be heard personally. A motion to adopt the recommendation of the planning board was lost. Immediately thereafter, an owner of nearby land in the general residence district presented a motion to "modify

the existing zoning by-law of the Town by establishing the dividing line between the general residence district and the local business district " by a defined line whereby the land of the plaintiff would be indubitably within the general residence district. That motion was passed by a vote of one hundred and thirty to thirty-four. The master further found that the land of the plaintiff here in issue was not suitable for purposes of residence and was plainly of the class usable for local business purposes.

The question for decision upon this branch of the case is whether the alteration of this dividing line voted by the town meeting was legally adopted and the zoning by-law thereby lawfully amended and altered. It is provided by G. L. c. 40, § 30, as finally amended by St. 1926, c. 216, § 1, in force at the time of the events here under review (see now St. 1929, c. 39): "No ordinance or by-law enacted under section twenty-five shall be repealed or modified except after reasonable notice of the proposed repeal or modification and an opportunity to the objectors to be heard thereon." This requirement must be interpreted in the light of the essential design of the zoning statute and of every by-law adopted pursuant to its terms. That design is to stabilize and to standardize the uses of real estate in specified districts for the promotion of the public health, the public safety, the public morals and, in a somewhat strict sense, the public welfare. *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97, 104. The manifest aim of this section is to permit alterations in the boundaries of districts thus established only after such full notice as shall enable all interested persons to know what action is being proposed and to be afforded reasonable opportunity to present facts and arguments in protest against the contemplated changes. In towns under existing statutes and law, the only authoritative and effective way for bringing to the attention of interested persons a proposed repeal or modification in a zoning by-law is by inserting an article in the warrant for a town meeting setting forth in definite terms that which is proposed. In this connection reference may be made to

G. L. c. 39, § 10, regulating warrants for town meetings. It there is provided that "No action [taken at a town meeting] shall be valid unless the subject matter thereof is contained in the warrant." The article in the warrant here in question set out with accuracy a clear and certain modification. It was the one proposed by the planning board. Ample information was open to everybody in interest in advance of the town meeting as to the subject to be presented for consideration. Reasonable notice thus had been given to all entitled to it under the law. That subject was clearly before the town meeting. The vote of the town was adverse to the change proposed and set forth in the warrant. No further action, such as renewed investigation, or recommittal of the matter to the planning board or to a special committee, or other decision by the town meeting, was mooted touching that change. Thus that proposed change came to an end. *Wood* v. *Milton,* 197 Mass. 531, 533.

The motion made to substitute a modification of the dividing line between the two districts, different from that described in the article in the warrant, was not rightly before the town meeting. The single modification of the existing zoning by-law set forth in the warrant for the town meeting was the only modification of which any notice was given to the voters or to the public. By the inexorable terms of the controlling statute, said § 30 already quoted, so far as here material, there can be no modification of a zoning by-law "except after reasonable notice of the proposed . . . modification." The implication of the context of these words is that, since modification can be made only by the town at a town meeting, the requisite notice must be given in the warrant for that meeting. The concluding words of the article in the warrant for the town meeting at which the vote here in question was passed, namely, "or in any way act thereon," do not justify the vote actually taken as to a modification of the dividing line. Those concluding words cannot enlarge or affect in any way the mandate of the statute to the effect that no zoning by-

law can be "modified except after reasonable notice of the proposed . . . modification."

It is a settled principle that warrants for town meetings are to be liberally interpreted ånd are not to be construed with great strictness. . It is sufficient if intelligible notice of the subject to be considered is given. Substantial certainty as to the nature of the business to be acted upon is all that is required. *Grover* v. *Pembroke,* 11 Allen, 88. *Coffin* v. *Lawrence,* 143 Mass. 110, 112. *Commonwealth* v. *Wentworth,* 145 Mass. 50, 52. That principle is not applicable to the case at bar. It cannot validate a vote changing the dividing line between two districts established by a zoning by-law of which no notice was given in the warrant for the town meeting. So to hold would be contrary to the clear requirement of the governing statute. That statute demands an exact statement of a defined proposed modification of a zoning by-law. Its provisions are not satisfied by a general and unspecified reference to a possible modification not set forth in unmistakable terms, either in the words of the warrant for the town meeting or by reference to easily available reports, plans or documents. The concluding words of the article in the warrant, "or in any way act thereon," in substance frequently occur in articles for town meetings touching matters generally cognizable by towns. In the article in question their only force and effect relate to the single specified modification recommended by the report of the planning board on file with the town clerk. That modification may be dealt with by the town meeting in any rational way by vote. But some other modification cannot be adopted instead of that one.

The facts already narrated show that the plaintiff was accorded no opportunity to be heard upon the change in the dividing line voted by the voters at the town meeting.

It follows that there has been no modification of the dividing line between the general residence district and the local business district as established by the zoning by-law in its original form. That line still subsists.

Stipulation was filed with the master during the hearings reciting application by the plaintiff for a building permit to erect stores on his lot, the decision of the building commissioner to issue such permit, the decision by the selectmen on objection that no such permit be issued, and the determination by the selectmen in the form of an order that, so far as they had authority, the dividing line between business and residence districts so far as concerned the locus was in such place that the plaintiff's lot was in a residence district, the bringing of a petition for certiorari by another landowner, similarly affected as was the plaintiff by such determination, to quash the order of the selectmen and the dismissal of that petition after hearing, the bringing of a like petition for certiorari by the plaintiff, and after the dismissal of the other petition the entry of judgment by agreement of parties that the petition of the plaintiff be dismissed. In these circumstances the petition for certiorari by the plaintiff constitutes no bar to the maintenance of the present proceeding. The cause of action is different. The issues are quite different. The doctrine of *res judicata* is not applicable. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 49. *Shapiro* v. *Park Trust Co.* 253 Mass. 383. *Capaccio* v. *Merrill,* 222 Mass. 308. *Farnum* v. *Brady,* 269 Mass. 53. *Guild* v. *Cohen,* 269 Mass. 241. *Wight* v. *Wight,* 272 Mass. 154, and cases cited.

. References are made in the brief filed in behalf of the defendants to other matters not set out in the master's report and outside the present record. No consideration can be given them. Of course, the proceeding by the other landowner in certiorari had no effect on the rights of the plaintiff. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 206, 207.

Several criticisms of the details of the decree are made by the defendants. The first paragraph, in that it declares the vote of the town attempting to modify the dividing line established by the zoning by-law illegal and void, is broader than the allegations of the bill and for

that reason alone may be amended to indicate that this declaration of nullity extends only to land of the plaintiff.

The zoning by-law had no effect upon established and existing building restrictions. *Riverbank Improvement Co.* v. *Chadwick*, 228 Mass. 242. *Vorenberg* v. *Bunnell*, 257 Mass. 399, 408. The subject of building restrictions outside the zoning by-law is not involved in the case at bar and has not been tried. No reference need be made to it in the decree.

·The master's report affords no basis for a determination that a part of the plaintiff's lot is within the general residence district. The finding of the master on unreported evidence is in effect that it is all within the local business district.

There is no legal objection to the mandatory provisions of paragraph 4 of the final decree directing the building inspector to issue a permit to the plaintiff to erect stores upon his lot after finding that his plans therefor are in conformity to the by-laws of the town. The effect of this paragraph is to compel the building inspector to perform the duties resting on him by law when relieved of the impediments assumed to have existed from the matters here determined to be no obstacle in his way. *Goldstein* v. *Conner*, 212 Mass. 57. *Kilgour* v. *Gratto*, 224 Mass. 78. *Police Commissioner of Boston* v. *Boston*, 239 Mass. 401.

Every question argued by the defendants has been considered. No further discussion is required. It becomes unnecessary to refer to other grounds for relief urged in behalf of the plaintiff. The final decree may be modified by adding at the end of its first paragraph the words, " so far as concerns land of the plaintiff," and as thus modified is affirmed with costs.

*Ordered accordingly.*