VICTOR E. DZIEMBOWSKI vs. JOHN W. STOCHAJ & others.

Worcester.    December 11, 1933. — February 19, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Municipal Corporations*, Officers and agents, Board of public welfare.
*Statute*, Construction.

In a town which used official ballots at elections of town officers and which
    previously had elected members of the board of public welfare for
    terms of three years, the term of office of members of that board being
    optional as between one and three years under G. L. (Ter. Ed.) c. 41,
    § 1, a vote at a special town meeting on February 25, 1932, previous
    to the annual town meeting on March 28, 1932, that the term of
    office of each member of that board should be one year, was authorized
    by the provision of § 2 that "Where official ballots are used, . . . the
    fixing of the term of office of town officers where such term is optional
    . . . shall be determined at a meeting held at least thirty days before
    the annual meeting."
By such vote the town became one "which chooses the members of its
    board of public welfare for one year" within the meaning of § 31 of
    said c. 41.
A further vote, passed at the special town meeting subsequent to the
    vote above described, that the selectmen of the town should perform
    the duties of the board of public welfare, was within the authority of
    § 31, although it was not within the terms of § 21.
The circumstance, that one of the members of the board of public welfare
    had been elected in 1931 for a term of three years, did not affect the
    efficacy of the votes passed at such special town meeting.
The existence in § 21 of a provision authorizing the town to provide
    that the selectmen should act as a board of public welfare did not
    preclude the town from taking action as above described under § 31:
    the General Court, in first enacting § 21 in 1920, did not intend to
    make it a substitute for § 31, which was first enacted in 1893.
The person so elected in 1931 was not entitled to maintain mandamus
    proceedings, commenced in October, 1933, against selectmen who
    had been elected at the annual meeting in 1933, had qualified and
    subsequently had performed the duties of the board of public welfare,
    to command the respondents to recognize the petitioner as a member
    of said board and to refrain from interfering with his performance of
    the duties thereof.

PETITION for a writ of mandamus, filed in the Supreme
Judicial Court for the county of Worcester on October 11,
1933, described in the opinion.

The case was reported by *Field,* J., without decision, for determination by the full court upon the petition, the answer and an agreed statement of facts. Material facts are stated in the opinion.

*J. J. Siarkiewicz,* for the petitioner.

*F. P. McKeon,* (*F. E. Cassidy* with him,) for the respondents.

FIELD, J. This is a petition for a writ of mandamus to command the respondents, selectmen of the town of Webster, to recognize the petitioner as a member of the board of public welfare of that town, to refrain from intruding themselves as members of the board of public welfare and from interfering in any manner with the discharge of the duties of that office by the petitioner and to deliver up books of record and other property belonging to said board. The case was heard by a single justice who reported it without decision upon the petition, answer and agreed statement of facts for the determination of the full court.

G. L. (Ter. Ed.) c. 41, § 1, provides that every "town at its annual meeting shall in every year when the term of office of any incumbent expires, and except when other provision is made by law" choose certain town officers including "Three or five selectmen for the term of one or three years," and "Three or five members of the board of public welfare for the term of one or three years unless the town votes to authorize its selectmen to act as such board," and provides further that in "any case where three or more members of a board are to be elected for terms of more than one year, as nearly one third as may be shall be elected annually."

For some time prior to the period in question the board of public welfare consisted of three members, each elected for a term of three years, the term of one member expiring each year, and there were three selectmen elected annually. The petitioner at the annual meeting held March 23, 1931, was elected a member of the board of public welfare for a three-year term, expiring in 1934, and duly qualified as such member. The town uses official ballots. At a special meeting held February 25, 1932, it was voted:

"1. That the term of office of each member of the Board of Public Welfare be. for one year. 2. That the selectmen of said Town of Webster perform the duties of said Board of Public Welfare." The selectmen elected at the annual meeting on March 28, 1932, duly qualified as such and performed the duties of selectmen and of the board of public welfare until they were succeeded in office by the respondents, who were elected selectmen at the annual meeting on March 27, 1933, duly qualified as such, and since that date have performed the duties of selectmen and of the board of public welfare. The petitioner has been ready and willing to perform the duties of a member of the board of public welfare but has not performed any such duties or acted as a member of such board since the annual meeting in 1932.

The petition cannot be maintained since the votes of the town, above recited, were valid and transferred to the selectmen the duties of the board of public welfare.

There are two provisions in the statutes under either of which a town may vote that the selectmen act as a board of public welfare, § 21 of G. L. (Ter. Ed.) c. 41, and § 31 of the same chapter. Section 21 is a general provision applicable to many boards and officers. It requires a vote at the annual meeting and provision at the next annual meeting for election of the selectmen for three years, unless the selectmen are already so elected. Clearly the vote of the town of Webster did not come within the terms of this section.

Section 31 applies only to the board of public welfare — formerly overseers of the poor (see G. L. c. 41, § 31; St. 1931, c. 394, §§ 109–137; c. 426, § 156) — and provides that "A town which chooses the members of its board of public welfare for one year may, instead of electing such members, provide by vote that the selectmen shall act also as such board. Such vote shall, in any town using official ballots, be passed at a meeting held at least thirty days before the annual meeting at which such selectmen are to be chosen, and thereafter the selectmen shall continue to act as such board until the town rescinds such action by

a vote passed at a meeting held at least thirty days before the annual meeting." The vote of the special meeting of the town of Webster that the selectmen should act as the board of public welfare was authorized by this section if the town was a "town which chooses the members of its board of public welfare for one year" within the meaning of said section.

Prior to the special meeting held February 25, 1932, Webster was not such a town. It chose the members of its board of public welfare for three-year terms. But at that meeting it voted to fix at one year the term of office of members of that board. Since under G. L. (Ter. Ed.) c. 41, § 1, the term of office of members of the board was optional with the town as between one and three years, such a change was authorized by the provision of G. L. (Ter. Ed.) c. 41, § 2, that "Where official ballots are used, the establishment of a new board or office, or the fixing of the term of office of town officers where such term is optional, or the increase or reduction of the number of members of a board, shall be determined at a meeting held at least thirty days before the annual meeting. . . . Such vote shall continue in effect until rescinded." See also G. L. (Ter. Ed.) c. 41, § 7. The vote of the special meeting fixing the term of office of members of the board of public welfare complied with the requirements of this provision.

The vote at the special meeting in February, 1932, fixing the term of office of members of the board of public welfare at one year became effective upon its passage, though no election in accordance therewith could be made before the annual meeting in the following March. By this vote, however, the town became a "town which chooses the members of its board of public welfare for cne year," within the meaning of G. L. (Ter. Ed.) c. 41, § 31, so that the town thereafter, at the same meeting, could vote that the selectmen should act as a board of public welfare (*Walker* v. *West Boylston*, 128 Mass. 550, *Wood* v. *Jewell*, 130 Mass. 270), unless it is taken out of this description by the fact that the three-year term of office for which the petitioner was elected in March, 1931 — and apparently the three-year term of

office of another member of the board — would not expire until after the annual meeting in March, 1932. The petitioner, who has the burden of proof, has not shown that the vote fixing the term of office of members of the board of public welfare was not passed before the passage of the vote that the selectmen should perform the duties of the board of public welfare.

The fact that when the term of office of members of the board of public welfare was changed from three years to one year there were unexpired terms of members previously elected did not prevent the town from being, after such change, a "town which chooses the members" of such board for one year within the meaning of G. L. (Ter. Ed.) c. 41, § 31. If, as we need not decide, the vote changing the term of office cut short the terms of members of the board previously elected for three-year terms, it is clear that the town immediately became one which "chooses" such members for one year. But even if, on the other hand, the vote changing the term of office did not, without further action by the town, affect the terms of office of members previously elected, the town by such vote became one which "chooses" the members of the board of public welfare for one year. Thereafter, except to fill a vacancy for a period less than one year, the town could choose such members only for the term of one year. And the statute specifically makes the rules governing the choice of members, rather than the rule governing the time which they may continue in office, the determining factor. The apparent purpose of the statute was to give to towns the privilege of deciding annually whether for the ensuing year they should elect a board of public welfare or have the selectmen act as such a board, but to exclude from this privilege towns where the board of public welfare is a continuing body. If, in spite of the change in the term of office of members of such board, members previously elected continue in office during the remainder of the terms for which they were elected, such continuance in office is merely incidental to the change from a continuing body to a body chosen annually and this temporary condition is not to be regarded as affecting the essential nature of

the board as a body chosen annually. This interpretation does not render nugatory the provision limiting the application of § 31 to a "town which chooses the members of its board of public welfare for one year" for this limitation remains in full force in towns which retain the board of public welfare as a continuing body.

The existence in G. L. (Ter. Ed.) c. 41, § 21, of a provision authorizing towns to vote that the selectmen act as a board of public welfare does not preclude such action by the method followed by the town of Webster. Doubtless that town could have acted under § 21. But action thereunder could have been taken only at an annual meeting and would not have become fully effective until the annual meeting of the following year, and such action could not have been taken unless the town was willing to change the term of office of its selectmen from one to three years and to commit to the selectmen the performance of the functions of the board of public welfare for a period of at least three years. See § 23. The provisions contained in § 21 were first enacted in 1920. See St. 1920, c. 591, §§ 36, 46, 47; see also § 45. The substance of § 31 was enacted earlier (see St. 1893, c. 417, § 274) and was retained in St. 1920, c. 591; see § 33. Its retention shows an intention on the part of the Legislature that the present § 21 of G. L. (Ter. Ed.) c. 41, should not be a substitute for the present § 31 of that chapter. And there is nothing in § 21 to prevent any action by a town under § 31 which, with or without preliminary action by such town, comes within the terms of said § 31.

According to the contention of the petitioner that the action of the town of Webster was invalid, a town which elected its board of public welfare for three-year terms but elected and wished to continue to elect its selectmen for one-year terms could not transfer the duties of the board of public welfare to the selectmen in less than two years and thirty days, though if a town elected or provided for the election of selectmen for three-year terms it could accomplish a somewhat similar result — under § 21 — in one year and thirty days. There is no apparent reason for this distinction. But it might be thought reasonable to require a longer time to

effect the somewhat more permanent change contemplated by § 21 than the year by year change contemplated by § 31. An intention to effect the result required by the petitioner's contention cannot be imputed to the Legislature in the absence, as here, of clear language requiring it.

*Petition dismissed.*