COONAMESSETT INN & others[1] *vs.* CHIEF OF THE FALMOUTH
FIRE DEPARTMENT; BOARD OF FIRE PREVENTION
REGULATIONS, intervener.

Barnstable.    April 19, 1983. — September 23, 1983.

Present: BROWN, ROSE, & DREBEN, JJ.

*Statute,* Acceptance. *Municipal Corporations,* Town meeting. *Regulation. Administrative Law,* Regulations, Agency. *Fire Prevention.*

Where a town meeting warrant disclosed unmistakably that the town
meeting would be voting on whether to accept the provisions of G. L.
c. 148, § 26C, concerning the installation of smoke or heat detectors in
buildings, the fact that an amendment to § 26C was omitted from the
language of the statute as set forth in the warrant did not invalidate
the town meeting's vote accepting the statute. [634-635]

A town meeting vote accepting the provisions of G. L. c. 148, § 26C, con-
cerning the installation of smoke or heat detectors in buildings was not
rendered invalid by the fact that the vote included certain explanatory
language not part of the statute, where the additional language
neither substantially changed the meaning of the statute nor offended
the statutory scheme. [634-635]

The Board of Fire Prevention Regulations had authority under G. L.
c. 22, § 14, to promulgate regulations governing the installation,
deployment, testing, maintenance, and operation of smoke and heat
detectors in municipalities accepting the provisions of G. L. c. 148,
§ 26C. [635-637]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 12, 1982.

The case was heard by *Rutledge, J.*

*Robert J. Muldoon, Jr.* (*Paul R. Gupta* with him) for the
plaintiffs.

---

[1] The twenty-nine plaintiffs are privately owned establishments offer-
ing housing or lodging accommodations to the public for profit within the
town of Falmouth.

*H. Reed Witherby,* Assistant Attorney General, for the intervener.

*Frank K. Duffy, Jr.,* Town Counsel, for the defendant.

BROWN, J. By this action in the Superior Court, the plaintiffs sought a declaration (1) that a local option statute (G. L. c. 148, § 26C) was not validly accepted by the town of Falmouth (town); (2) that the Board of Fire Prevention Regulations (Board) had no authority under G. L. c. 148, § 26C, to promulgate regulations for the installation, deployment, testing, maintenance and operation of smoke detectors; and (3) that the chief of the Falmouth Fire Department (fire chief) had no authority to order the plaintiffs to comply with those regulations.

A Superior Court judge entered summary judgment, declaring (1) that Falmouth validly accepted § 26C; (2) that the Board had no authority to promulgate regulations concerning smoke or heat detectors; and (3) that the fire chief has discretion to set standards for smoke and heat detectors as well as enforce the provisions of § 26C. The plaintiffs appealed from parts 1 and 3 of the judgment. The Board cross appealed from part 2 of the judgment.

Prior to the town meeting of December 12, 1979, at which the vote on the local option legislation was to occur, a warrant was presented to the town. See G. L. c. 39, § 10. The warrant contained the language of G. L. c. 148, § 26C, as enacted in 1975,[2] but omitted the 1977 amendment to that statute.[3] The provision accepted at the town meeting

---

[2] The warrant contained the language of the statute, inserted by St. 1975, c. 710.

> "*Section 26C.* In any city or town which accepts this section, hotels, boarding or lodging houses, or family hotels which are not regulated by sections twenty-six A and twenty-six B shall be equipped with an automatic smoke or heat detector in each dwelling unit and each hallway floor.
>
> "The head of the fire department as defined in section one shall enforce the provisions of this section."

[3] Statute 1977, c. 962, reads as follows:

> "Section 26C of chapter 148 of the General Laws, inserted by chapter 710 of the acts of 1975, is hereby amended by inserting after the word 'section,' in line 1, the words:- , apartment houses containing six or more dwelling units."

contained an additional statement not included in the statute, namely: "in accordance with guidelines or regulations issued by the Fire Marshal or the Board of Fire Prevention Regulations." This additional explanatory statement had not appeared in the warrant as printed, but had been appended to the second paragraph of § 26C prior to the town meeting. As of December 12, 1979, the Board had not promulgated any regulations under § 26C. On November 5, 1981, the Board published regulations governing "Automatic Smoke and Heat Detectors in Occupancies under M. G. L. c. 148, [§] 26C." See 527 Code Mass. Regs. § 24.00 (1981). On December 11, 1981, the fire chief ordered the plaintiffs to comply with the regulations of the Board by June 1, 1982.

1. The plaintiffs assert that because the warrant presented to the town for vote did not contain the exact language of the statute the notice given prior to the meeting was inadequate. We disagree. The notice given was sufficient. The function of the warrant is to give notice as to the time and place of the meeting and the substance of the issue to be presented. See *Coffin* v. *Lawrence,* 143 Mass. 110, 112 (1886) ("Warrants are held sufficient if they indicate with substantial certainty the nature of the business to be acted on"). Compare *Burlington* v. *Dunn,* 318 Mass. 216, 219-220 (1945). In the instant case, the warrant disclosed unmistakably that the town meeting voting members would accept or reject the local option legislation embodied in G. L. c. 148, § 26C, concerning the installation of smoke or heat detectors. Moreover, the plaintiffs do not contend that they own buildings of the type defined in the omitted amendment, that they were not on notice, or that, because of the omission, town meeting members were not present.

The only serious question raised is whether the failure of the town meeting members to vote on the statute then in effect invalidated the vote. The plaintiffs contend that the town must present the statute exactly as passed by the Legislature and that any alteration in or addition to the wording of the statute which the town purports to adopt in-

validates the vote. The warrant as presented was not misleading, and it has not been shown that the exclusion of the 1977 amendment or the inclusion of an additional explanatory statement materially and substantially affected the acceptance of the statute. See *Tiberio* v. *Methuen,* 364 Mass. 578, 587-589 (1974). Although the actual language voted on at the town meeting was not confined strictly to the statute then in force, the provision, as accepted, did not change the meaning of the statute in any substantial respect, or offend the statutory scheme. See part 2, *infra.* We thus conclude that in this instance neither the absence from the warrant of the 1977 amendment nor the additional explanatory statement invalidated the acceptance by the town of G. L. c. 148, § 26C. Compare *Mayor of Gloucester* v. *City Clerk of Gloucester,* 327 Mass. 460 (1951); *Troland* v. *Malden,* 332 Mass. 351, 355 (1955).

2. The judge determined that the Board lacked authority to promulgate the regulations in question here. This was error. "[T]he validity of the . . . regulation[s] can be upheld with minimal dependence on various supportive canons of interpretation well settled in this jurisdiction . . . ." *White Dove, Inc.* v. *Director of the Div. of Marine Fisheries,* 380 Mass. 471, 477 (1980), and cases cited. On the record before us, we have no difficulty discerning "some rational relation between the regulation and the empowering statute." *Ibid.*

Pursuant to G. L. c. 22, § 14 (as inserted by St. 1980, c. 462, § 1), the Board is to "promulgate a comprehensive fire safety code." See now G. L. c. 148, § 28(2) (as appearing in St. 1982, c. 520). "Where an . . . agency is vested with broad authority to effectuate the purposes of an act the validity of a regulation promulgated thereunder will be sustained so long as it is reasonably related to the purposes of the enabling legislation." *Levy* v. *Board of Registration & Discipline in Medicine,* 378 Mass. 519, 524 (1979), quoting from earlier cases. See *Consolidated Cigar Corp.* v. *Department of Pub. Health,* 372 Mass. 844, 855 (1977); *Thorpe* v. *Housing Authy. of Durham,* 393 U.S. 268,

280-281 (1969); *Mourning* v. *Family Publications Serv., Inc.*, 411 U.S. 356, 369 (1973).

It is readily apparent that § 26C does not address comprehensively all of the matters that may come within its scope (compare *Boston Teachers Local 66* v. *Boston*, 382 Mass. 553, 564 [1981]), or in itself authorize any official or agency to promulgate regulations. See notes 2 & 3, *supra*. There are no specific guidelines in § 26C as to where the automatic smoke or heat detectors shall be located, other than that there should be one "in each dwelling unit and each hallway floor." "An agency's powers are shaped by its organic statute taken as a whole and need not necessarily be traced to specific words." *Commonwealth* v. *Cerveny*, 373 Mass. 345, 354 (1977). It is fair to state that the Board was created to ensure public safety, and the promulgation of regulations for placement and type of needed equipment insures uniform standards for fire protection. Additionally, it may be assumed that in these circumstances the more "stringent" regulations (so called by the plaintiffs) enhance public safety. Cf. *Grocery Manufacturers of America, Inc.* v. *Department of Pub. Health*, 379 Mass. 70, 85 (1979); *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 774-775 (1980). In this light we are unable to conclude that these regulations "cannot by any reasonable construction be interpreted in harmony with the legislative mandate." *Consolidated Cigar Corp.* v. *Department of Pub. Health*, 372 Mass. at 855. Likewise, "[w]e will not substitute our judgment as to the need for a regulation, or the propriety of the means chosen to implement the statutory goals, for that of the agency, so long as the regulation is rationally related to those goals." *American Family Life Assur. Co.* v. *Commissioner of Ins.*, 388 Mass. 468, 477 (1983). Even if the language of G. L. c. 148 does not cover specifically these regulations, a question we do not decide, "[t]he fact that various sections of . . . [G. L. c. 148] grant the . . . [Board] authority to prescribe regulations in great detail on particular subjects does not limit the . . . [Board's] authority to deal with other matters under more general statutory guide-

lines. Specific statutory authority to act in a particular respect does not bar consistent action under general statutory authority." *Grocery Manufacturers of America, Inc.* v. *Department of Pub. Health, supra* at 76.

3. We need not reach the question whether the chief of the local fire department "has the discretion to set standards concerning smoke and heat detectors." General Laws c. 148, § 26C, grants enforcement powers to the fire chief of a city, town or district that accepts the legislation. See note 2, *supra.* Since we have determined that the regulations of the board were valid, the fire chief, in enforcing § 26C, properly could order the plaintiffs to comply with them. Compare *Brooks* v. *Architectural Barriers Bd.,* 14 Mass. App. Ct. 584, 589-590 (1982).

Parts 2 and 3 of the judgment are vacated, and a new judgment is to be entered consistent with this opinion. The judgment is otherwise affirmed.

*So ordered.*